Juanita PATTERSON et al., Appellants,

v.

Jacob METZING, Appellee.

No. 329.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 14, 1967.

G. Cole Thompson, of Boone, Davis, Cox & Hale, Corpus Christi, for appellants.

W. B. Moss, Sinton, Howell Ward, of Ward & Brown, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This is a trespass to try title action brought by appellee Jacob Metzing, plaintiff below, against appellees Juanita Patterson, John Patterson, Margie Dumas, M. J. Dumas and J. C. Jacks, defendants below. After a non-jury trial, the lower court rendered judgment for plaintiff. Separate findings of fact and conclusions of law were filed in addition to those contained in the judgment.

Plaintiff's petition was in the form provided by Rule 783, Texas Rules of Civil Procedure. Defendants filed a plea of "not guilty" in accordance with Rule 788, T.R.C.P. The evidence consisted of the testimony of Jacob Metzing, the plaintiff, a deed dated May 4, 1962 from Elvira Tellez and husband, Jose Tellez, conveying a tract of land in San Patricio County, Texas, to Jacob Metzing and wife, Noma Metzing, and a stipulation of counsel that John Patterson is the husband of Juanita Patterson. Jacob Metzing testified among other things that Noma Metzing died after delivery of said deed and that the defendants Juanita Patterson, Margie Dumas and J. C. Jacks were her children.

The trial court, among other things, found and concluded in substance that the above-mentioned deed was the common source of title; that the name of Noma Metzing was placed in said deed by the writer thereof in the absence of Jacob Metzing by inadvertence, mistake or error and without the direction or authority of Jacob Metzing; that it was not the intention of the seller or purchaser that Noma Metzing should be named as one of the grantees; that Jacob Metzing was the sole purchaser

and that the property was purchased by him with the proceeds of his separate property as his separate property; that no part of the purchase money was paid out of community property of Jacob Metzing and Noma Metzing or out of her separate property; that Jacob Metzing did not know the name of Noma Metzing was placed in the deed until after he received it in the State of Arizona after it had been recorded in San Patricio County, Texas deed records; that Jacob Metzing did not know of any way or method of correcting it as the wife could not convey property to her husband; that the presumption of law that when a deed is made to husband and wife that such property is community property was rebutted by the uncontradicted evidence that the name of Noma Metzing was placed in the deed without the knowledge or consent of the sole purchaser by mistake or error; that the property is the separate property of Jacob Metzing and that he has the legal title to same; and that plaintiff Jacob Metzing is entitled to recover title and possession of the property from all the defendants.

Appellants assert fourteen points of error attacking the findings and conclusions of the trial court and the judgment based on the same. By points one and two appellants contend that the evidence was legally and factually insufficient to support the trial court finding that the deed from Elvira Tellez, et vir, to Jacob Metzing and Noma Metzing was the common source of title. By points three and four appellants contend that the evidence was legally and factually insufficient to support the trial court finding that the name of Noma Metzing was included in the deed from Elvira Tellez, et vir, by mistake, inadvertence or error. By other points which are closely related to the contentions made in points one through four, appellants also complain of the findings and conclusions of the court and the judgment for plaintiff based thereon. These latter points to the extent they are material to disposition of the case will be mentioned in the course of the opinion.

We will consider in particular appellants' contentions that appellee's evidence did not overcome the presumption of a gift from Jacob Metzing to Noma Metzing and that the findings of fact are not sufficient to support the judgment under any legal or equitable theory.

Jacob Metzing, the plaintiff, testified on direct examination in substance as follows: that he lives in Surprise, Arizona; that he owned the property in question which consisted of two and a half acres in San Patricio County, except for oil and gas; that Plaintiff's Exhibit No. 1 was the deed to the property he bought; that he paid for the property out of his own money. When asked who the deed was made to, Metzing testified "It is made to me and then they asked me if I was married and I told them that I was and then they asked me what my wife's name was, and I told them Noma Metzing. And I didn't know they were going to put her name on the deed until they sent the deed to Arizona. And I had to sign it up there and my wife was up there." The witness then testified that "And well, I said, 'Both of our names are on here.' And she said, 'I don't want nothing of it.'" The trial court sustained defendants' objection to the last-mentioned testimony. Mr. Metzing further testified that the first time he found his wife's name was in the deed was "when we got the deed." Mr. Metzing further said that he sold some property in Indiana and Arizona which he owned prior to his marriage with Noma Metzing and that all of the purchase money for the property in question came from his separate property and not from community property or earnings after his marriage; that he did not authorize the scrivener or real estate man to place his wife's name in the deed; that he did not intend for her name to be in there; that the property was his sole and separate property. On cross-examination by counsel for defendants, Mr. Metzing further testified that his wife had three children, J. C. James, Margie Dumas and Juanita Patterson; that he came to Texas to buy the property; that

he paid five hundred dollars cash in escrow at Corpus Christi and twenty two hundred dollars from the Glendale Bank; that he paid the five hundred dollars in Corpus Christi and the balance after he got the deed; that when he got the deed it was made out in his name and in his wife's name; that after he got the deed he saw it, accepted it and sent the balance of the money in; that he never complained to the sellers or the title company about the deed. In answer to the question "And you already had the deed in your possession before you sent in the balance of the purchase price?" Metzing answered "I suppose so, yes." On re-direct examination Mr. Metzing further testified that it was necessary for him to send in the twenty two hundred fifty dollars to keep from losing his five hundred dollars escrow money; that he was almost eighty years of age; that he bought the property to retire on it; that a sister and brother, apparently of his wife, lived in the vicinity of the property and "she wanted to come down here and fish with her sister and—for the rest of our days."; that his wife lived for seven years after their marriage; that the purchase money came from his separate property.

The deed from Elvira Tellez and husband, Jose Tellez to Jacob Metzing and wife, Noma Metzing is on a printed form, and recites a consideration of "TEN AND NO/100—DOLLARS ($10.00), CASH and other good and valuable considerations." The deed was dated May 4, 1962, but was not acknowledged by the grantors until May 21st, 1962. It was filed for record on May 23, 1962 at 10:15 A.M.

We will first consider appellants' contentions concerning legal and factual insufficiency of the evidence to establish a common source of title. Plaintiff did not attempt to prove his title by showing a record title from the sovereign of the soil to himself nor by prior possession or limitation. Instead he relied solely upon the theory of title from a common source, i. e., the deed dated May 4, 1962 from Elvira Tellez, et vir, to plaintiff Jacob Metzing

and wife, Noma Metzing. Plaintiff did not plead a common source of title nor was there a stipulation as to same.

Under Rule 790, T.R.C.P., the plea of "not guilty" filed by all the defendants, as provided for by Rule 788, T.R.C.P., was an admission by them for the purpose of the instant action that they were in possession of the premises sued for or claimed title thereto at the time the suit was commenced. However, in the face of the "not guilty" plea the entire burden of proof was on the plaintiff; and to recover under the theory of common source of title plaintiff was required to connect his title with the common source by a complete chain of title, connect the defendants' title to the same source, and prove the superiority of his own claim or title to that of the defendant. Green v. City of San Antonio, 282 S.W.2d 769 (Tex.Civ.App., San Antonio, 1955, wr. ref. n. r. e.); 56 Tex.Jur.2d, Trespass to Try Title, § 121, pp. 254, 255. We have concluded that plaintiff has failed to discharge such burden in this case.

Jacob Metzing testified that the defendants J. C. James, Margie Dumas and Juanita Patterson were the children of Noma Metzing, his deceased wife. It was stipulated that John Patterson was the husband of Juanita Patterson. There was no evidence as to the defendant M. J. Dumas. This was all of the evidence concerning the defendants and their possible connection with the common source of title. We hold that the evidence concerning common source of title was factually insufficient as to the three defendants who were the children of Noma Metzing, deceased, and that it is legally insufficient as to the defendants M. J. Dumas and John Patterson, under the rules stated in Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965).

Appellee argues that since the testimony showed that three of the defendants were children of Noma Metzing, deceased, this was sufficient to raise an inference that they were claiming title to the land in

question as her heirs, and since Noma Metzing was named as one grantee in the Tellez deed sufficient proof of common source was made. Even if we concede that there was some evidence of probative force on the issue of common source, we cannot agree that the same is sufficient to establish it by a preponderance of the evidence. There was no direct evidence that the three defendants who were children of Noma Metzing were actually claiming through her as heirs or from the Tellezes as the common source of title. There was no evidence as to whether Mrs. Noma Metzing left a will or as to when or where she died. The defendant John Patterson as the husband of Juanita Patterson would not have a claim through Noma Metzing, the mother of his wife. He was not joined pro forma only but was a defendant for all purposes. There was no evidence concerning any claim by him through the Tellezes or their deed to Mr. and Mrs. Metzing. As to the defendant M. J. Dumas the evidence fails to show any connection between him and the parties to this suit, the Metzings or the Tellezes.

Appellee has cited in support of his position the cases of Burns v. Goff, 79 Tex. 236, 14 S.W. 1009 (1891); Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705 (1891); and Mayor v. Breeding, 24 S.W.2d 542 (Tex.Civ.App., San Antonio, 1929, wr. ref.). In Burns v. Goff, it appeared that the petition of the guardian for the minor plaintiffs alleged that the common source of title was the mother of his wards from whom the property descended to the wards. The court referred to a recital in a deed, not actually set out, which it held was sufficient to raise the inference that the wards claimed by inheritance through their mother. The trial court had excluded that deed as well as another, and the Supreme Court held that they should have been admitted. In Mitchell v. Mitchell the court held that where the will involved named certain defendants as devisees that this was sufficient evidence as to them of common source through the testator, but as to a defendant who was not named in the will, the

evidence as to common source was not sufficient. In Mayor v. Breeding it was made clear through their pleadings that the brother and sister of Robert Cook were claiming as his sole heirs at law through him as the common source. We believe that the three cited cases do not require holdings different from those made by us on the question of common source of title. In our case there is evidence only that three of the defendants are children of Noma Metzing, deceased. There is no satisfactory showing that they are actually claiming as her heirs. In any event the cases mentioned would not affect our holding concerning factual insufficiency as to the three said defendants. Mitchell is clear authority for our holding of legal insufficiency as to the other two defendants.

For the reasons stated the findings of the trial court as to common source of title are not sufficiently supported by the evidence. Appellants' point one (no evidence) will be sustained as to the defendants M. J. Dumas and John Patterson. Appellants' point two (factual insufficiency) will be sustained as to the three remaining defendants. These holdings require reversal of the judgment.

We next consider appellants' contention that appellee's evidence did not overcome the presumption of a gift to Noma Metzing and that the findings of fact are not sufficient to support the judgment under any legal or equitable theory.

Appellants concede that the evidence is sufficient to support the finding of the trial court that the property involved was purchased with the separate funds of Jacob Metzing and that this would be sufficient to overcome the presumption that property acquired during marriage is community. However, they further say that the finding concerning the use of Mr. Metzing's separate funds to purchase the property without more would not entitle Mr. Metzing to recover the entire title to the property. They argue that the legal effect of a deed, as a general rule, is to vest the property in the grantee; that such legal effect can in some instances be altered by parol evidence where the purchase money is advanced by another; and that in such case the prima facie presumption is that a trust results; that it can also be shown by parol that no trust was intended; but that where a wife or child is the grantee in such a deed, the prima facie presumption is of an advancement or gift, thus rebutting the presumption of a trust; that where the deed is to the husband and wife (the purchase money being the husband's separate property) the presumptions are the same with reference to the wife's undivided interest; and that, particularly, there would be the presumption of a gift to the wife. Appellants' said contentions are supported by the cases of Higgins v. Johnson's Heirs, 20 Tex. 389 (1857) and Tate v. Tate, 299 S.W. 310 (Tex. Civ.App., Eastland, 1927, wr. dism.). See, also, Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825 (1900); Kennedy v. Kennedy, 210 S.W. 581 (Tex.Civ.App., Austin, 1919, wr. ref.); Cummins v. Cummins, 224 S.W. 903 (Tex. Civ.App., Amarillo, 1920, n. w. h.).

■ The trial court did not make a finding as to whether or not Jacob Metzing intended to make a gift to Noma Metzing of an undivided interest in the property. The testimony of Jacob Metzing on this phase of the case is so meager and unsatisfactory that it cannot serve as a proper basis to overcome the presumption of a gift to Mrs. Noma Metzing. He testified in substance that he did not tell anyone to place his wife's name in the deed, although he did tell "them" her name. However, he accepted the deed with the name of Noma Metzing in it and paid the balance of the purchase price of the property out of his separate funds with knowledge of such fact.

■ There is no evidence to support the findings of the trial court that the seller did not intend that Noma Metzing should be named as one of the grantees or that Jacob Metzing did not know of any way to correct the deed.

The deed from the Tellezes, dated May 4, 1962, was acknowledged by them on May 21, 1962 in Nueces County, Texas and was recorded in San Patricio County, Texas on May 23, 1962 at 10:15 A.M. On the back of the deed there is the name of an attorney and the words "Return to Mr. & Mrs. Jacob Metzing, Route 2, Box 642, Peoria, Arizona." There is no evidence concerning who actually drafted the deed or who, if anyone, represented the parties in connection with closing the transaction.

Appellee concedes that here it was necessary for him to overcome the presumption of a gift to Mrs. Noma Metzing, but argues that his evidence was sufficient to do so, citing Dean v. Dean, 214 S.W. 505, 508 (Tex.Civ.App., Austin, 1919, n. w. h.) wherein the court said:

"* * * In the instant case, the property being paid for with appellant's money, it became his separate property, unless he intended to give it to his wife, in which event it became her separate property. The fact that he had the deed made to his wife raises the presumption that he intended to make a gift of the property to her. But this presumption may be rebutted by competent evidence. The intent with which a party does an act is a fact known to him, and he is a competent witness to testify as to such fact. * * *"

Although we agree with the rule stated in *Dean* we disagree that plaintiff's evidence was factually sufficient to rebut the presumption stated.

For the reasons stated, the judgment of the trial court will be reversed, and the cause will be remanded in the interest of Justice. Rule 434, T.R.C.P., Davis v. Gale, 160 Tex. 309, 330 S.W.2d 610; Grant v. Taylor, 339 S.W.2d 554 (Tex.Civ.App., Houston, 1960, n. w. h.); Coleman v. Littles, 214 S.W.2d 678 (Tex.Civ.App., Ft. Worth, 1948, n. w. h.).

Reversed and remanded.