**CITY OF PORT ARTHUR, Appellant,**

v.

**Francis J. BADEAUX et al., Trotti & Thompson, Inc., Appellees.**

**No. 6866.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 28, 1968.

Rehearing Denied March 20, 1968.

George Wikoff, City Atty., Port Arthur, for appellant.

Fuller, Fuller & McPherson, Port Arthur, Vinson, Elkins, Weems & Searls, Houston, for appellees.

HIGHTOWER, Chief Justice.

The Badeauxs sued defendants, Trotti & Thompson and the City, alleging that defendants were jointly and severally liable to the Badeauxs for permanent damages to the Badeauxs' residential premises in the sum of $13,100.00, being diminution in market value, in that Trotti & Thompson, pursuant to a contract with the City for construction of certain sewerage lines, did, on or about March 30, 1960, trespass upon the premises of the Badeauxs, excavate land and lay a sewerage line, resulting in loss of lateral support to the Badeauxs' home and damages thereto. Plaintiffs' cause of action was also based upon inverse condemnation in violation of Article 1, Section 17, of the Constitution of the State of Texas, Vernon's Ann.St., and upon negligence. The City filed answer pleading governmental immunity and alleged that it had an easement granted by the Badeauxs for the laying of the sewerage line and that the line was layed within such easement. Trotti & Thompson filed a cross-action against the City of Port Arthur for indemnity and 50% contribution.

Trial was to a jury, which found, on instructions from the court, that in laying the sewerage line in question, the City of Port Arthur committed a trespass upon the

lands of the Badeauxs. The jury also found that such trespass was a producing cause of damages to the property, and that such damage was permanent in nature. Judgment was rendered upon the jury findings that plaintiffs recover judgment against both defendants, jointly and severally, and allowing 50% contribution by each defendant against the other.

The City's first point of error is:

The court erred in granting the Badeauxs' motion for an instructed verdict and directing the jury to answer affirmatively to Special Issue No. 1, concerning trespass by the City upon the property of the Badeauxs, in that the easement conveyance executed by the Badeauxs to the City was not void as a matter of law because of an inadequate description, and in that there was sufficient and competent evidence of a conflicting nature to warrant submitting the issue of trespass to the jury.

Francis J. Badeaux and others, being owners and record owners of all of the land in Lot No. 2 of McHank's Subdivision in the City of Port Arthur, Jefferson County, Texas, conveyed certain easements to the City of Port Arthur including:

(d) a strip of land 10 ft. in width abutting the north boundary of that certain easement now possessed by the city of Port Arthur, which easement so possessed is about ___ ft. in width and abuts the north side of the seawall of the Sabine Neches Canal, and the easement herein described and granted, will abut the toe of the embankment which is situated upon the easement now possessed by the City of Port Arthur Texas.

This instrument is dated October 18, 1947.

■ The north side of the seawall is found on the ground. Ten feet in width is clear. The location of the toe of the embankment on October 18, 1947 was in dispute. No easement "now possessed by the City of Port Arthur" could be found. Its shape and course and distance of any line is not in evidence. How long was this 10 foot strip? There is nothing in the description within itself or by referring to some existing writing, data or objects on the ground by which the length or direction of the 10 foot strip may be determined at all, much less with reasonable certainty. To comply with the statute of conveyances and the statute of frauds, "the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." Wilson v. Fisher, 144 Tex. 53, 56, 57, 188 S.W.2d 150, 152. See also, Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222. The point of error is overruled.

A determination of the City's second and third points of error are unnecessary to a decision in the case.

The judgment of the trial court is affirmed.