**BEST INVESTMENT COMPANY, Appellant,**

v.

**Torivio HERNANDEZ et al., Appellees.**

**No. 17837.**

Court of Civil Appeals of Texas, Dallas.

March 30, 1972.

Rehearing Denied April 27, 1972.

John R. Bryant, Dallas, for appellant.

Benjamin Raye Collier, Stigall, Maxfield & Collier, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This is a trespass to try title action in which the principal question is the propriety of the trial court's action in withdrawing the case from the jury and rendering judgment denying plaintiff any relief.

Best Investment Company brought this suit against Torivio Hernandez and wife Sarah Hernandez, Frank Paloma and wife Mary Jo Paloma, B. A. Johnson, William L. Pecena, David A. Douglas, Perry R. Salisbury, W. R. Todd, Herman Sessions, Davis B. Hilton and wife Geneva B. Hilton, Dora L. Newton, Joe A. Irwin, Joe A. Irwin as trustee for or as alter ego of, or both of them, J. A. Irwin, Inc., a corporation, J. A. Irwin, Inc., a Texas corporation, Ina S. Wadlington, Ina S. Wadlington as alter ego of Alta Mesa Construction Company, a corporation, and Alta Mesa Construction Company, a Texas corporation, alleging that it was the owner in fee simple of thirty-one specifically described lots or tracts of land in Dallas,

Texas; that the defendants had unlawfully entered upon and dispossessed it of such premises; that plaintiff was entitled to judgment decreeing that it have title and possession of the lots. Each of the defendants answered with a plea of "not guilty" and denial of the allegations contained in plaintiff's petition. Trial was had before the court and a jury and after the plaintiff had rested the trial court sustained motions made by all of the defendants (with the exception of Joe A. Irwin, Joe A. Irwin, trustee, and J. A. Irwin, Inc., a corporation) that the case be withdrawn from the jury and that judgment be rendered denying plaintiff any relief against any of the defendants. From the judgment thus rendered Best Investment Company appeals.

In its first point on appeal appellant says: "The trial court erred by the Judge's abusing his discretion in several ways, and each of them, as herein contended." Appellees ask that we not consider this point of error because the same is too general, multifarious, and does not comply with Rule 418, Vernon's Texas Rules of Civil Procedure. While we agree with appellees that the point presented is not in compliance with the briefing rules in that it does not specifically point out the matter complained about, we have consistently followed the practice that the court will discuss the point if the grounds therefor upon which appellant apparently relies to support his appeal are disclosed in the statements and arguments accompanying his point on appeal. White v. Great American Reserve Ins. Co., 342 S.W.2d 793 (Tex.Civ.App., Dallas 1961); Little v. Employees Security Life Ins. Co., 343 S.W.2d 517 (Tex.Civ. App., Dallas 1961); and Covington v. City of Denison, 369 S.W.2d 824 (Tex.Civ.App., Dallas 1963). In the statement and arguments contained in appellant's brief under this point counsel for appellant quotes isolated statements made by the trial court scattered throughout the record and contends that the total effect of such statements is to cause the court to become an advocate and to embarrass counsel for appellant in his presentation of his case. Appellant's counsel candidly concedes that no single statement made by the court is sufficient to constitute error but says that the composite of all the statements should be considered as constituting such a gross abuse of the trial court's discretion as to require reversal.

It would serve no useful purpose to repeat the various statements made by the trial court. We have carefully read and considered same and are of the opinion that none of them or all of them taken together constitute error on the part of the trial court. It appears to us that the trial judge exercised a great deal of restraint, patience and judicial objectivity in his conduct of the proceedings and at no time did he cease to become a judge and assume the role of advocate. A judge is vested with broad discretion in controlling a trial and this may be reflected in both conduct and statements made by him. We find nothing in this record to support appellant's contention that the trial court's actions or statements violated the discretion vested in him. Moreover, the point of error seems to be moot since the case was withdrawn from the jury's consideration and judgment rendered by the court. Appellant's first point is overruled.

In its points 2, 3, 4 and 5 appellant charges error in the action of the court in excluding from the jury various abstracts of title filed by several of the appellees showing common source of title. In its point 6 appellant says that the court erred in excluding from the jury an agreement of common source made between appellant and Joe A. Irwin and J. A. Irwin, Inc.

Appellant offered in evidence abstract of title of Alta Mesa Construction Company and of Ina S. Wadlington as alter ego of said company; abstract of title of Ina S. Wadlington individually; abstract of title of David A. Douglas; and abstract of title of Davis B. Hilton and wife Geneva B. Hilton. Each of these abstracts showed the common source of title to be Joe A.

Irwin. Appellant then offered an instrument designated "Agreement of Common Source" in which it was agreed between the attorney for Best Investment Company and Joe A. Irwin and J. A. Irwin, Inc. that "either Joe A. Irwin or J. A. Irwin, Inc., or Joe A. Irwin and J. A. Irwin, Inc., is the common source of title and that such common source shall be deemed fully proven on the basis of this agreement; * *."

When abstracts of title were offered as "an admission of common source" the trial court sustained objections thereto. When the agreement of common source was offered it was objected to as being hearsay. The court sustained the objection. Appellees argue that the court's action in refusing to admit the abstracts was not error because they were tendered for the limited purpose of showing "an admission of common source." They argue that the abstracts are not admissions but are merely instruments setting forth the parties' chain of title. Viewing the record as a whole we are of the opinion that these objections to the abstracts were somewhat hypertechnical and that the instruments should have been admitted into evidence to demonstrate the common source of title. Appellant in its pleadings called on appellees to file their abstracts of title. The abstracts showed that the named appellees claimed through and under Joe A. Irwin as the common source of title. These abstracts were admissible in evidence as proof of an admission from the named appellees that they claimed through Joe A. Irwin and constituted proper proof of common source, provided that appellant could connect his title with that source. Moran Corporation v. Brashear, 339 S.W.2d 557 (Tex.Civ.App., San Antonio 1960, writ ref'd); Davidson v. Gelling, 153 Tex. 56, 263 S.W.2d 940 (1954); Mortimer v. Jackson, 206 S.W. 510 (Tex.Comm'n App. 1918); and Evans v. Foster, 79 Tex. 48, 15 S.W. 170 (1890).

Moreover, in response to admissions appellees Paloma, Todd and Sessions, Douglas, Newton and Salisbury, admitted the common source of title to be either Joe Irwin or Joe A. Irwin and J. A. Irwin, Inc.

As to the instrument entitled "Agreement of Common Source" between the attorneys for Best Investment Company and Joe A. Irwin and J. A. Irwin, Inc., such agreement was admissible as between these parties, but not binding upon any other party, and only to the extent as revealed by the instrument itself.

However, we also hold that the error on the part of the trial court in refusing to admit the abstracts and agreement into evidence was harmless error. Even had the instruments been admitted into evidence the trial court would have been justified in withdrawing the case from the jury and rendering judgment for appellees for the simple reason that appellant failed to do more than establish a common source of title.

In order for a plaintiff in a trespass to try title action to prove title from a common source it must (1) connect its title with a common source by a complete chain of title, (2) connect defendant's title to the same source, and (3) prove the superiority of its claim to that of the defendant. 56 Tex.Jur.2d, "Trespass to Try Title", § 121, pp. 254–255; Patterson v. Metzing, 424 S.W.2d 255 (Tex.Civ.App., Corpus Christi 1967); Abram v. Southwestern Fund, 404 S.W.2d 673 (Tex.Civ. App., Tyler 1966); and Hovel v. Kaufman, 266 S.W. 858 (Tex.Civ.App., San Antonio 1924, affirmed S.Ct. 280 S.W. 185); Davis v. Gale, 330 S.W.2d 610 (Tex.Sup.1960).

As will be later discussed in subsequent points, appellant failed to meet its burden of proving the superiority of its claim to that of appellees so that any error on the part of the court in refusing to admit evidence of common source of title becomes immaterial and did not result in the rendition of an improper judgment. Rule 434, T.R.C.P.

The remainder of appellant's points of error, 7 through 16, inclusive, deal with complaints concerning the action of the trial court in refusing to admit in evidence testimony of Joe A. Irwin attempting to show beneficial title of the real property in

question in J. A. Irwin, Inc.; proceedings in the bankruptcy court relating to the bankrupt estate of J. A. Irwin, Inc.; deed from the bankruptcy trustee to Basham and deed from Basham to Best Investment Company. We are convinced, from a careful consideration of all of the record, that the trial court did not commit error in excluding any of this evidence tendered by appellant but assuming, *arguendo,* that same was admissible, the record is manifestly clear that such tendered evidence does not satisfy the burden of proof upon appellant to establish a superior title to the property in controversy to that of appellees.

■ Appellant's cause of action is founded upon alleged superior title to specified lots described in appellant's petition. It contended the common source of title to these properties was Joe A. Irwin or J. A. Irwin. While appellant filed an abstract of title same was never offered in evidence. In an effort to show a divesting of title from J. A. Irwin to J. A. Irwin, Inc., which subsequently was involved in bankruptcy proceedings, appellant tendered the testimony of J. A. Irwin to the effect that the equitable or beneficial title to the properties was in J. A. Irwin, Inc. Such testimony was properly excluded by the trial court. The Texas Trust Act, Vernon's Tex.Rev. Civ.Stat.Ann., Art. 7425b–7, requires that all express real property trusts be declared by a written instrument. In 57 Tex.Jur.2d 392, § 17, it is declared that a trust in relation to or consisting of real property is invalid unless it is created by a written instrument subscribed by the trustor or his agent or by any other instrument under which the trustee claims the relevant estate. Declarations of the purported beneficiary of the trust are not competent to establish the trust. 1 Perry on Trusts, § 77; and Wise v. Haynes, 103 S.W.2d 477 (Tex. Civ.App., Texarkana 1937, no writ).

■ Article 1288, V.A.C.S., provides that no estate of inheritance or freehold (for a term of more than one year) shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed to and delivered by the party disposing of same. See also 23 Tex.Jur.2d 367, § 245; Hunter Company v. Fain, 281 S.W.2d 750 (Tex.Civ.App., Eastland 1955, writ ref'd n. r. e.); and Wimberly v. Kneeland, 293 S.W.2d 526 (Tex.Civ.App., Galveston 1956, writ ref'd n. r. e.). The effort on the part of appellant to establish beneficial title under an express trust by parol evidence from Irwin was properly rejected by the trial court.[1]

The remainder of appellant's exhibits, tendered but denied in evidence by the trial court upon appellees' objections, are copies of documents in the J. A. Irwin, Inc. bankruptcy proceedings in the federal court; documents in the Joe A. Irwin individual bankruptcy proceedings in the federal court; deed from bankruptcy trustee in the J. A. Irwin, Inc. bankruptcy to George V. Basham; deed from George V. Basham, Jr. to Best Investment Company; and deed from Best Investment Company to George V. Basham, Jr. These instruments were offered by appellant in an effort to demonstrate a superior title to the property in question. However, none of the testimony was admissible for the reason that none of the documents offered in evidence contained a description of the property in controversy.

Our Supreme Court in Jones v. Mid-State Homes, Inc., 163 Tex. 229, 356 S.W. 2d 923 (1962), reiterated the rule that the burden rests upon the plaintiff in a trespass to try title case to connect each party with the common source and also to establish a superior title from such source, and went further to state that the burden was upon the plaintiff to identify the land which it claimed, to establish its

---

[1]. At one time during the trial appellant tendered a purported deed from J. A. Irwin to J. A. Irwin Inc. but same was properly excluded because (1) it did not describe the lots in controversy and (2) attorney for appellant made an express admission in open court that such deed was not a part of the title to the claimed property.

location, and to show the extent of its interest in the land claimed.

In Middle States Petroleum Corp. v. Messenger, 368 S.W.2d 645 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.), we said:

"It is elementary that in a trespass to try title case the burden is on the one claiming to recover land, or a part thereof, to identify the property which he may claim and to establish its location or show the extent of his interest in the particular tract."

The particular lots in question, and claimed by appellant in its trial pleadings, are not described in any manner in the various bankruptcy proceedings offered in evidence nor is the property described in the appellant's abstract of title which was never offered in evidence.

 In the deed from the bankruptcy trustee in the J. A. Irwin, Inc. bankruptcy to George V. Basham the properties involved in this suit were not described. As said by the court in the City of Port Arthur v. Badeaux, 425 S.W.2d 658 (Tex. Civ.App., Beaumont 1968, writ ref'd n. r. e.), in order to comply with the statute of conveyances and statute of frauds, the writing must furnish, within itself, or by reference to some other writing, the means or data by which the land can be identified with reasonable certainty. The granting clause of the deed from the bankruptcy trustee specifically describes a large number of parcels of land but none of them are the same tracts as described in appellant's trial pleading. The only possible part of the granting clause in the deed that could pertain to the properties in question reads:

" * * * all right, title and interest of the Estate of J. A. Irwin, Inc. Bankrupt, in and to any real property situated in the County of Dallas, State of Texas * * *."

Since appellant failed to demonstrate that J. A. Irwin, Inc. was the actual owner of the property allegedly owned by J. A. Irwin,

and made the basis of this litigation, such broad conveyancing clause is manifestly insufficient to aid appellant in its action.

 Appellant's Exhibit 17, being a special warranty deed from George V. Basham, Jr. to Best Investment Company dated July 7, 1964, was likewise properly excluded as a basis for appellant's proof of superior title for the reason that nowhere in said deed is the property in controversy described in any detail, or particular. In fact, the deed recites that George V. Basham, Jr. has, since the conveyance to him from the bankruptcy trustee, conveyed "certain properties and interests thereby conveyed to him" and that he now conveys unto Best Investment Corporation "all of the right, title and interest of the Estate of J. A. Irwin, Inc. in and to the properties conveyed to George V. Basham, Jr. by Emery Wiley, Trustee in Bankruptcy of the Estate of J. A. Irwin, Inc. by said instrument of conveyance dated the 17th day of May, 1960, SAVE AND EXCEPT, any interest, right or title heretofore conveyed, assigned, or transferred by the said George V. Basham, Jr." Thus it is evident that the tendered deed is not only ambiguous and uncertain as to what properties it purportedly conveys, but cannot be said to be competent evidence to establish title in appellant to the particular properties claimed by it. Our Supreme Court in Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941 (1932), announced the rule that since the plaintiff in trespass to try title must recover on the strength of his own title, he can never recover by merely showing a claim under deeds to those parts of the land which remain unsold by the grantors on particular dates without any proof whatever of the specific parcels of land that were unsold. Again, in Seddon v. Harrison, 367 S.W.2d 888 (Tex.Civ.App., Houston 1963), the court applied the rule announced in *Mills,* supra, by saying:

"Appellants neither proved nor attempted to prove what lots had been sold by Eagle Land Company or which lots remained unsold by such company on

September 5, 1912, and hence failed to establish record title to the lot in question."

The record in this case clearly demonstrates that the failure on the part of appellant to produce competent evidence to satisfy the burden of proof in the trespass to try title case as announced in the decisions cited above. In reviewing this record we have followed the rule that the evidence tendered by appellant is viewed in the light most favorable to it. Even when we do this we find a complete failure on the part of appellant to establish its case within the well established rules of law so that the trial court had no other alternative than to withdraw the case from the jury and render judgment for appellees.

We have carefully considered all of appellant's points of error and finding no reversible error reflected therein, the same are overruled.

The judgment of the trial court is affirmed.