Timothy John **VRABEL** et ux., Appellants,

v.

**DONAHOE CREEK WATERSHED AUTHORITY** et al., Appellees.

No. 12485.

Court of Civil Appeals of Texas, Austin.

Dec. 22, 1976.

Rehearing Denied Jan. 12, 1977.

**54**

James L. Cutcher, Barkley & Cutcher, Taylor, for appellants.

Richard L. Mewhinney, Prescott, Greenfield, Mewhinney & Wilson, Temple, for appellees.

PHILLIPS, Chief Justice.

Appellants brought this action to determine the validity of a purported easement asserted by appellees on a tract of land owned by appellants. Appellants' main point, which we sustain, is that the easement is void because of a lack of adequate description.

The purported easement which was granted to appellees by appellants' predecessor in title is described as follows:

"BEING 111.0 acres, more or less, out of a 250.5 acre tract of land in the Basil Durbin Survey, as more fully described in a Warranty Deed dated January 1, 1953, from Erwin Mankins and wife, Mayna Allene Mankins, to Leslie E. Moore and wife, Lela Mae Moore as recorded in Volume 385, Page 599, of the Deed Records of Williamson County, Texas, to which reference is made for all purposes."

Appellants moved for summary judgment. Appellees responded by filing their motion for summary judgment contending that the easement was valid. The trial court granted partial summary judgment for appellees holding the easement valid, that it had not expired, and that the exact location of the 111 acres of land burdened by the easement created an ambiguity in the instrument which would have to be proved by extrinsic evidence. Trial was held, and the court fixed the location of the easement, and appellants then perfected their appeal to this Court.

We reverse the judgment of the trial court and render judgment for appellants on their motion for summary judgment.

In *Matney v. Odom*, 147 Tex. 26, 210 S.W.2d 980 (1948), the Supreme Court stated the well established rule that for a contract to convey land to be sufficient, the description must be so definite and certain upon the face of the instrument itself, or, in some writing referred to, that the land can be identified with reasonable certainty. *Williams v. Ellison*, 493 S.W.2d 734 (Tex. 1973); *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972); *Republic National Bank of Dallas v. Stetson*, 390 S.W.2d 257 (Tex.1965).

The rule relating to the sufficiency of descriptions of easements is the same as that required in conveyances of land. *West v. Giesen*, 242 S.W. 312 (Tex.Civ.App.1922, writ ref.); *Bear v. Houston & T. C. Ry. Co.*, 265 S.W. 246, 249 (Tex.Civ.App.1924, no writ), and authorities there cited. The description requires a certainty such that a surveyor can go upon the land and locate the easement from such description. The description herein wholly fails in this respect. *Compton v. Texas Southeastern Gas Company*, 315 S.W.2d 345 (Tex.Civ.App. 1958, writ ref. n. r. e.).

Inasmuch as the easement before us does not furnish within itself a description to its location, nor is there any reference to outside aids to help in determining its location, the easement must fail for lack of an adequate description. *Lewis v. Midgett*, 448 S.W.2d 548 (Tex.Civ.App.1969, no writ); *City of Port Arthur v. Badeaux*, 425 S.W.2d 658 (Tex.Civ.App.1968, writ ref. n. r. e.).

Judgment of the trial court is reversed, and judgment is here rendered for appellants declaring the easement void.

Reversed and Rendered.