**Regina BRELSFORD et al., Appellants,**

v.

**Michael SCHELTZ et al., Appellees.**

**No. 17052.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 9, 1978.

Rehearing Denied April 6, 1978.

Houchins & Tasker, Kenyon Houchins, Houston, for appellants.

Howard & Hughes, Lynn N. Hughes, Dabney, Garwood & Holland, David C. Holland, Houston, for appellees.

PEDEN, Justice.

Plaintiffs, Regina Brelsford and Kenyon Houchins, were denied partition of a tract of land, a portion of which defendant Allan Scheltz had conveyed to Mrs. Brelsford in payment for legal services. The court granted defendants' motion for judgment when the plaintiffs rested their case. Plaintiffs argue that they were joint tenants and had the right to have partitioned their undivided interest in the property. We affirm.

Mary Ida Scheltz, mother of Allan and Michael Scheltz, conveyed the land in question to "Michael Scheltz, Trustee," in 1972. No trust powers or terms were set out in this deed, but Michael Scheltz wrote to Allan Scheltz at the same time stating that he held an undivided one-half interest in the land as trustee for Allan. When Mary Ida Scheltz died in 1973, she devised all of her property equally to her two sons and appointed Michael Scheltz as independent executor. Her will has been admitted to probate and Michael has qualified as executor. Allan Scheltz conveyed 8% of his purported one-half interest in the property in question to Regina Brelsford in 1975 for performing legal services, and she assigned half of that interest to Kenyon Houchins. It is upon this conveyance and assignment that Mrs. Brelsford and Mr. Houchins base their suit.

There are no findings of fact or conclusions of law.

■ To establish their right to have the tract partitioned, plaintiffs-appellants had the burden of proving joint ownership and an equal right to possession with the other joint owners. *Manchaca v. Martinez*, 148 S.W.2d 391 (Tex.1941); 44 Tex.Jur.2d 263, Partition § 17; Vernon's Texas Civil Statutes, Art. 6082. Appellants showed neither joint ownership nor present right to possession; they showed only that Allan Scheltz had an equitable interest, not an equitable title.

■ The interest of a beneficiary under an express trust is an equitable title, not a mere equitable right, but the deed from Mary Ida Scheltz to Michael Scheltz, Trustee, did not create a valid express trust under the Texas Trust Act, Art. 7425b–7, Vernon's Texas Civil Statutes. That act provides in part that ". . . a trust in relation to or consisting of real property shall be invalid, unless created, established, or declared:

1. By a written instrument subscribed by the trustor or by his agent thereunto duly authorized by writing;

2. By any other instrument under which the trustee claims the estate affected." The mere use of the word "Trustee" does not of itself *create* a trust. *Costello v. Hillcrest State Bank*, 380 S.W.2d 780, 782 (Tex.Civ.App.1964, no writ). In order to show an express trust, the controlling tests are that 1) the words of the settlor ought to be construed as imperative and thus imposing an obligation on the trustee, 2) the subject to which the obligation relates must be certain, and 3) the person intended to be the beneficiary must be certain. *Unthank v. Rippstein*, 386 S.W.2d 134, 136 (Tex.1964). The missing terms of an express trust may not be established by parol evidence. *Best Investment Co. v. Hernandez*, 479 S.W.2d 759, 763 (Tex.Civ.App.1972, writ ref., n. r. e.). The letter from Michael Scheltz to Allan Scheltz did not establish the terms of the trust since it is not subscribed by the trustor or her duly authorized agent.

■ When an express trust fails, the law implies a resulting trust with the beneficial title vested in the trustor or, in the case of the trustor's death, in her estate and devisees. *Morrison v. Parish*, 384 S.W.2d 764, 767 (Tex.Civ.App.1964, writ dism'd); *Ray v. Fowler*, 144 S.W.2d 665, 669 (Tex.Civ.App.1940, writ dism'd, judgm. cor.); Bogert, Trust and Trustees 812 § 468 (2d ed. revised). In the case at bar, the property appears to be held in a resulting trust by Michael Scheltz for the benefit of the estate of Mary Ida Scheltz. When Allan Scheltz executed the conveyance to appellant Brelsford the only estate he owned was a beneficial interest as a devisee under his mother's will. There is in evidence a copy of a letter from Internal Revenue Service stating that taxes due on the estate of Mrs. Mary Scheltz on March 4, 1977 amounted to $39,469.97. Until Allan Scheltz receives an interest in the property under the division of his mother's estate or, possibly, by transfer from Michael Scheltz as trustee, Allan Scheltz has only a non-possessory equitable interest, not an equitable title, and neither he nor his assigns may maintain a suit for partition. Cf. *Smith v. Kountze*, 119 S.W.2d 721, 726 (Tex.Civ.App.1938), rev'd on other grounds, 135 Tex. 543, 144 S.W.2d 261 (1940).

■ Another possible result of the failure of the express trust is that Michael Scheltz holds the property in a resulting trust for the benefit of himself and Allan. Parol evidence is admissable to show the circumstances under which a resulting trust arose, *Hidalgo County v. Pate*, 443 S.W.2d 80, 88 (Tex.Civ.App.1969, writ ref., n. r. e.); *Miller v. Donald*, 235 S.W.2d 201, 205 (Tex.Civ.App.1950, writ ref., n. r. e.), and the letter from Michael to Allan is evidence of the circumstances surrounding the attempt to create a trust.

"But if, as in most cases, the conveyance in trust was voluntary, and *there is no express or implied gift of the property to the trustee or another* in the event of the failure of the trust, the court decrees a resulting trust for the settlor or his successors." Bogert, Trust and Trustees 812, § 468 (2d ed. revised) (emphasis added).

Even if the letter provides evidence of an implied gift from Mary Ida Scheltz to her two sons, Allan Scheltz still holds only a non-possessory beneficial interest in the resulting trust, so neither he nor his assigns may maintain a suit for partition. See *Smith v. Kountze*, supra. A trustee almost universally takes possession of the trust res. Bogert, Trusts and Trustees 219, § 583 (2d ed.). Only an owner of a possessory interest may compel partition. *Douglas v. Butcher*, 272 S.W.2d 553 (Tex.Civ.App.1954, writ ref., n. r. e.).

Affirmed.