# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 00-20190
(Summary Calendar)

In the Matter Of:  DON RICHARD DAVIS;  LINDA LOUISE DAVIS

Debtors,

DON RICHARD DAVIS;  LINDA LOUISE DAVIS,

Appellants,

versus

CYNTHIA M. HATCHETT, successor guardian of the person
and estate of Janet R. Davis,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV- 4246)

December 4, 2000

Before  EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

This is an appeal from a final judgment which held that the res of an express trust, a parcel

of real property, was not part of the bankruptcy estate of Appellants, Don R. and Linda Davis,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because they did not hold equitable title to the property. Because we find that the express trust failed and that a constructive trust was created, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

After filing for Chapter 7 bankruptcy in November 1998, Don and Linda Davis ("Don"), requested that the bankruptcy court declare property located at 5907 Lake, Houston, TX, (the "property") as part of the bankruptcy estate. The property was formerly the homestead of Don's parents, S.J. and Janet Davis ("Janet"). Cynthia Hatchett ("Hatchett"), Janet's former guardian, is now the executor of her probate estate. Hatchett contends that the property is part of Janet's probate estate and not Don's bankruptcy estate. The bankruptcy court agreed with Hatchett, noting that the property was held in resulting trust and that Janet's estate owned the equitable title to it. The district court affirmed the judgment, and Don now appeals.

On September 29, 1993, Don's parents, S.J. and Janet Davis, conveyed the property by Special Warranty Deed to Don's brother, Michael Davis ("Michael"). Don later filed suit against Michael, claiming that Michael had forged their father's signature on the deed. In settlement of the suit, Michael and Don agreed on July 27, 1994, that Don would hold the property, including any income derived from its sale or use, as trustee for their parents. That day, Michael conveyed the property to "Don R. Davis, Trustee," in a Warranty Deed, and Davis signed a Declaration of Trust agreement which stated that the property was to be held in trust for their parents. Michael, however, did not sign this Declaration of Trust.

On September 1 and 5, 1994, soon after the trust was established, Don signed two documents which revoked the trust, including a Revocation of Trust. However, in two subsequent documents, dated September 22, 1994, and January 11, 1995, Don signed as "Don R. Davis, Trustee."

2

S.J. Davis died in December 1994, and Janet inherited his estate. Janet died in March 1999, and Hatchett testified at the bankruptcy trial that the only income available to pay for Janet's nursing home care was her monthly $862 Social Security check. Hatchett also testified that oftentimes there was not enough money to pay for Janet's care.

Don testified that he rented the property to third parties for approximately $800 - $900 per month from late 1994 to 1997. In his deposition, Don testified that he refinanced it for $78,000 in order to purchase personal items for his family, including a car for his son, clothes and a washer/dryer for his wife, and to make improvements to the house. However, Don later testified at trial that he spent some of the money for his parents. In mid-1997, Don and his wife moved onto the property. Don now contends that an express trust was established, it was validly revoked by him, and that upon the revocation, he became the sole owner of legal and equitable title to the property.

DISCUSSION

This Court reviews the bankruptcy court's legal rulings de novo. See Matter of Haber Oil Co., Inc., 12 F.3d 426, 434 (5th Cir. 1994). The bankruptcy court held that Michael and Don's attempt to establish an express trust failed because Michael, as settlor of the trust, did not sign the Declaration of Trust. Don, however, asserts that the express trust did not fail, but was only revoked by the Revocation of Trust documents. Moreover, while the bankruptcy court imposed a constructive trust[1], based on Michael and Don's intent to establish an express trust, Don asserts that

---

[1] The terms "constructive" and "resulting" trust are often used interchangeably. Both indicate the imposition of an equitable trust upon the failure of an express trust. However, a resulting trust involves "the operation of the equitable doctrine of consideration" and a constructive trust "involves the presence of fraud." Mills v. Gray, 210 S.W.2d 985, 987-88 (1948).

3

there is no basis for imposing this trust. He also asserts that he retains equitable and legal title to the property because Michael deeded it to him.

I. Did the express trust fail?

Don argues that he validly revoked an express trust which vested legal and equitable title to the property in him. However, following this line of logic, he did not acquire equitable title to the property. Equitable and legal title are two separate concepts, with legal title to property vesting in the trustee, upon creation of an express trust, and equitable title vesting to the beneficiary of a trust, upon completion of the express trust's objective or upon failure of the express trust. See Miller v. Donald, 235 S.W.2d 201, 205 (Tex. App.- Fort Worth 1950, writ ref'd n.r.e.).

Applying Don's analysis, equitable title does not vest in him because he signed the Warranty Deed in which Michael granted the property to him as "Don R. Davis, Trustee." He did not sign the deed simply as "Don R. Davis." Thus, if the express trust were revoked, the deed granting him the property is similarly "revoked" because he signed the deed as trustee and there is no longer a trust. Moreover, Don never had equitable title because he signed the deed as a trustee and Texas law states that a trustee holds only legal title. Hence, legal and equitable title to the property logically reverts to Michael, as it is Michael to whom it was originally deeded. Therefore, Don's argument that equitable and legal title vest in him simply because he revoked the trust is a huge leap in logic.

In addition, the express trust fails because it does not satisfy the Statute of Fraud provisions for trusts of real property. Texas law unequivocally states that a trust for real property is only enforceable when there is "written evidence of the trust's terms bearing the signature of the settlor or the settlor's authorized agent." Tex. Prop. Code Ann. § 112.004 (West 1995). Here, Michael, as settlor of the trust, did not sign the Declaration of Trust. Because the trust involved real property,

4

the trust legally fails, despite Michael and Don's intent to create a trust, the availability of a specific trust res, and the designation of specific beneficiaries.

II. Is there a constructive trust?

Texas law implies a constructive trust upon an express trust's failure in order to prevent unjust enrichment. See Nolana Dev. Ass'n v. Corsi, 682 S.W.2d 246, 249 (1984); see also Brelsford v. Scheltz, 564 S.W.2d 404, 406 (Tex. Civ. App. -Houston [1st Dist.]1978, writ ref'd n.r.e.) (stating that when an express trust fails, a resulting trust will be implied in favor of the trustor or "in the case of the trustor's death, in her estate and devisees."). Texas courts have also implied resulting trusts in instances involving facts similar to the present case. For example, in Brelsford, the court implied a resulting trust because the trustee had si gned the deed to the property as "trustee" although the settlor had not signed a written instrument. See Brelsford, 564 S.W.2d at 406. Moreover, in Uriarte v. Petro, the court imposed a constructive trust in favor of the decedent's estate because it determined that the real property had only been deeded to decedent's sister for the purpose of taking care of the decedent and her husband. 606 S.W.2d 22 (Tex. Civ. App.- Houston[1st Dist.] 1980, writ ref'd n.r.e.). Thus, precedent indicates that the resulting trust should be upheld.

However, we have previously outlined three elements for the imposition of constructive trusts under Texas law: "1) breach of a fiduciary relationship or, in the alternative, actual fraud; 2) unjust enrichment of the wrongdoer; and 3) tracing of the property to an identifiable res." Haber Oil Co., Inc., 12 F.3d at 437. Here, elements two and three of this test are satisfied since the property is the trust res and Don was unjustly enriched by renting, occupying, and refinancing it.

The bankruptcy court noted that the first element of the test was satisfied on the basis of actual fraud[2] although it acknowledged that there was no evidence that Don created the trust knowing that he would revoke it and take complete title to the property. The district court affirmed the bankruptcy court's holding without analyzing the necessary proof for actual fraud.

The relevant inquiry for the first element of the test is whether Don, as grantee of the property, breached a fiduciary relationship to Michael as grantor.[3] Texas courts have determined that grantor-grantee relationships are fiduciary or confidential. See Mills, 147 S.W.2d at 988-89. The breach of such a duty is constructive fraud. See Estate of Herring, 970 S.W.2d 583, 586 n.1, (Tex. Civ. App.-Corpus Christi 1998, no writ); see also Mills, 210 S.W.2d at 989 (noting that "the breach of a confidential relationship existing between the grantor and the grantee frequently is considered to be such constructive fraud as will give rise to a constructive trust."). Evidence[4] that Don breached his duty to Michael to use the trust property for their parents' needs is provided in several ways: 1) Don used most of the property's income and proceeds for his and his immediate family's personal use; 2) Hatchett, as Janet's guardian, did not have enough money to care for her personal and medical needs; 3) Don revoked the trust soon after attempting to establish it; 4) Don and his family lived in the house; and 5) the trust, the result of the settlement of the lawsuit Don filed

---

[2]A party claiming fraud in Texas must establish that: 1) the speaker knowingly or recklessly made a material representation which was false; 2) the speaker intended that the party rely on the statement; 3) the party relied on the statement; and 4) the party was harmed by the statement. See Haber Oil, 12 F.3d at 437.

[3]Don did not breach a fiduciary relationship on the basis of a settlor-trustee relationship because the express trust failed.

[4]Parol evidence is admissible to show "the circumstances under which a resulting trust arose." Brelsford, 564 S.W.2d at 405; Miller, 235 S.W.2d at 205.

6

against Michael, was significantly more than what he would have acquired had he won the lawsuit. Don acquired legal title to the property in the settlement whereas he would not have acquired anything had he prevailed, since complete title would have reverted to his parents. Thus, because Don breached a fiduciary duty to Michael, as grantor, the district court did not err when it upheld the bankruptcy court's imposition of the constructive trust.

III. Did Don acquire equitable title?

Imposition of a resulting trust results in the beneficiary of the trust acquiring equitable title to the trust res and the trustee retaining legal title to it. See Uriarte, 606 S.W.2d at 24-25. Thus, in the present case, although legal title is still vested in Don, Janet's estate retains equitable title to the property since a constructive trust was validly imposed. Consequently, the property belongs to Janet's probate estate and not to Don's bankruptcy estate. See Haber Oil, 12 F.3d at 435-36 (stating that when properly imposed, the doctrine of constructive trust gives a trust beneficiary the right to recover the trust res from a debtor).

CONCLUSION

We AFFIRM the district court's holding that the property is not part of Don's bankruptcy estate because the express trust failed, a resulting trust was correctly implied, and Don did not acquire equitable title to the trust res.

AFFIRMED.

7