**HANOVER INSURANCE COMPANY,**
Appellant,

v.

**J. F. PEYSON,** Appellee.

No. 16462.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 6, 1963.

Fillmore, Schaeffer & Fillmore, and Roy Schaeffer, Wichita Falls, for appellant.

Schenk & Wesbrooks, and Cletus C. Schenk, Wichita Falls, for appellee.

LANGDON, Justice.

Suit was instituted by appellee to set aside the final order of the Industrial Acci-dent Board. Trial was by jury. Verdict was returned finding appellee totally and permanently disabled. The six points of error are based upon jury argument and exclusion of impeachment testimony.

Affirmed.

In his opening argument appellee stated that Dr. Pace had testified that appellee was totally and permanently disabled. Appellant contends this was outside the record. In response to the objection the court in effect stated that he was not going to rule that the doctor said that because he did not remember. At this point appellee stated it was his recollection of the testimony but that if he were wrong he was certain the jury would remember. The appellant dur-ing his argument advised the jury that in anticipation of some disagreement between him and the attorney for appellee as to what the testimony in question really was he had requested the court reporter to provide him with a copy of the testimony. Before read-ing it to the jury he stated, "This is what you heard. This is the testimony that you are bound to consider. This is the testi-mony in this case." He then read the pertinent portion of Dr. Pace's testimony to the jury. His statements were not chal-lenged by appellee or by the court. Thus the jury could rely upon the accuracy of the testimony in dispute and all doubts concerning it were removed.

Further in his opening argument appellee stated that Dr. Ledbetter had examined appellee and sent him back to work to do heavy manual labor and that if appellee had gone back to work he would have probably been crippled for life. Ap-pellant contends the statement was not supported by the record. The record re-flects that Dr. Ledbetter was not aware of the herniated disc at the time he suggested that appellee could return to work. He testified in essence that with the herniated disc as it was in May he would not advise appellee to return to work without treat-ment to handle truck transmissions weigh-ing 100 to 200 pounds. He disagreed that,

"* * * it would necessarily be sending him back to produce a more severe injury". In our opinion the objection to this argument was properly overruled because it was a reasonable deduction from the evidence and supported by the record. This is particularly true when considering the testimony of both Ledbetter and Pace as to the injurious effects of prematurely returning to work with a herniated disc.

■ In his closing argument the attorney for appellee stated that Dr. Pace testified that appellee could not have been doing the work that he had been doing for a period of five years if he had a herniated disc. Appellant contends this statement was not supported by the evidence. The objection to it was overruled and we think correctly so because the record reflects that Dr. Pace did so testify in response to a question which was worded in substantially the same language.

■ The appellant contends it was error to permit appellee to argue that he had lost $10,000 because of being off work as it was outside the record, immaterial and irrelevant.

The record reflects that appallant in response to demands for admission admitted that appellee at the time of his injury had been working for the same employer a period of 286 days and had earned at least $7,642.68 during such period. The appellant in his argument stated in effect that appellee was looking forward to getting about $14,000, "* * * and that is considerably more than this man, as far as this record is concerned, ever made in any one year or any two years". In our opinion the argument of appellee was a reasonable deduction from the evidence and supported thereby and further it was proper in reply to appellant's argument which was calculated to invite the argument complained of.

On the question concerning the exclusion of evidence the appellant contends that the trial court erred in failing to grant a mistrial because of its refusal to allow evidence of how Dr. Pace was selected by appellee to be his treating doctor after appellee had argued that Dr. Pace was the insurance company's doctor. Another point was based upon the exclusion of testimony that appellant made an appointment with a doctor of appellee's choice at the latter's request for his treatment and benefit and that appellee knowing of the appointment failed to appear because he preferred to go fishing and to consume alcohol rather than seek medical attention.

The record reflects that appellee's testimony in the case was offered from his deposition and included a rather detailed account as to how Dr. Pace was selected. The excluded testimony herein complained of was that of Frank Weidman who was called by appellant and testified out of the presence of the jury. Mr. Weidman's testimony pertaining to the employment of Dr. Pace was essentially the same as that of appellee. The variances, if any, in the testimony were slight and insignificant. The testimony of Weidman which included conclusions and covered other matters which could not be properly admitted were offered as a whole and not specifically on the matter of Dr. Pace's employment or the failure of appellee to keep the appointment with him. The court indicated that portions of Weidman's testimony were proper and would be admitted.

The court advised appellant he would allow testimony showing appellee missed the appointment. It was not offered.

The appellee had testified that he missed the first appointment because of car trouble. Weidman testified that appellee in a telephone conversation advised him he missed the appointment because a friend came in, "* * * and he hadn't gotten around to it". And that he and his friend, "* * * either had a party or had gone fishing; I don't remember which * * *". Intermingled with this testimony Weidman also expressed the opinion that there was something wrong with appellee the day he talked with him about missing the appointment.

He was unable to say what was wrong but that appellee was thick tongued and did not make much sense talking to him that day. He admitted on cross-examination that he did not know whether appellee was under medication at the time of the telephone conversation. That he sounded as though he was intoxicated but that he did not know what was wrong with him.

■ The appellant in offering the testimony as a whole, some of which was admissible and some of which was not, is not in a position to complain of the court's refusal to admit all of the testimony where valid objections to portions of it had been sustained. It was incumbent upon appellant to offer the testimony as to the matters complained of and to obtain rulings of the court concerning each.

■ When considering the record of this case as a whole the appellant's position of seeking reversal on the basis of unoffered testimony is untenable.

■■ It is conceded that an attorney purporting to quote the language of a witness during an argument rather than to draw a deduction therefrom is under a duty to quote it accurately. However "Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. * * Cases decided prior to the adoption of the Rules (434 and 503, T.R.C.P.) have little value as precedents because they were decided under a rule which required a reversal if the court entertained any doubt of the harmful effect of the argument". Aultman v. Dallas Railway & Terminal Co. (1953), 152 Tex. 509, 260 S.W.2d 596, 599, 600.

■ The doctrine of presumed error ceased to prevail in Texas upon adoption of Rules 434 and 503, Texas Rules of Civil Procedure. Texas Employers' Insurance Association v. Rubush, 337 S.W.2d 501, 503 (Tex.Civ.App., Fort Worth), 1960, citing the Aultman case, supra.

"In enforcing those Rules (434 and 503, T.R.C.P.) we have held with respect to many and various types of errors that a reversal may be ordered only when a review of 'the whole record' convinces the reviewing court that but for the error a different verdict or judgment would probably have been rendered." Condra Funeral Home v. Rollin (1958), 158 Tex. 478, 314 S.W.2d 277.

■ " 'As a predicate on which to base reversible error in improper argument of counsel which can be cured by a ruling of the court the complaining party must not only object to the argument but the objection must be pressed to the point of procuring a ruling.' " Texas General Indemnity Company v. Bridwell, Tex.Civ. App., 304 S.W.2d 131.

The appellant did not press the court to the point of obtaining a ruling concerning its objection to the appellee's argument as to the testimony of Dr. Pace. Attention is directed to the article entitled "The Development of the Doctrine of Harmless Error in Texas" by the Honorable Robert W. Calvert, Chief Justice of the Supreme Court of Texas, Texas Law Review 31, No. 1, pages 1–18.

The record in this case reflects several instances in which the court in sustaining objections admonished the jury not to consider portions of the argument objected to and to rely upon its own memory and recollection of the testimony presented during the trial. The appellee during his argument on several occasions likewise requested the jury to rely upon its own recollection of the testimony.

All points of error are overruled.

Affirmed.