W. T. GILLUM, Appellant,

v.

John S. TEMPLE et ux., Appellees.

No. 1143.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 30, 1976.

Rehearing Denied Jan. 20, 1977.

Jerry L. Bryan, Houston, for appellant.

Jerry C. Adam, Adam, Adam & Anderson, Houston, for appellees.

OPINION

NYE, Chief Justice.

This is a trespass to try title suit filed by W. T. Gillum against John S. Temple and

wife for title and possession of a lot of land located along a new channel of the Colorado River in Matagorda County. Gillum relied upon record title. The Temples' claim is based upon the ten year statute of limitations. At the close of the jury trial, judgment was rendered that Gillum take nothing and that the Temples be awarded title to the land by virtue of the ten year statute of limitations. From this judgment Gillum has perfected his appeal to this Court.

Gillum brought this suit against the Temples in trespass to try title and alleged that he was the fee simple owner of certain property in Matagorda County. Gillum alleged that he was entitled to possession of said property and that the Temples were in unlawful possession of said property. The Temples amended their original answer and pled "not guilty" to Gillum's claims and by a cross-action and in the alternative claimed superior title under the ten year limitations statute. (Art. 5510).

The case was submitted to the jury on seven special issues. It should be noted at the outset that no special issues on the Gillum's trespass to try title action were submitted to the jury as none were requested by him. All the special issues concerned the Temples' cross-action claiming superior title by adverse possession. The jury found that: 1) the Temples and their predecessors in possession had held peaceable adverse possession for ten years; 2) the Temples' predecessors in possession claimed ownership in the property; 3) the land sued for by Gillum was the same land claimed by the Temples; 4) the Temples themselves had good faith adverse possession of the land for one year prior to institution of the suit; 5) the Temples or their predecessors in possession made permanent and valuable improvements to the land while they were in possession; 6) the value of the improvements to the land was $2,850.00; 7) the value of the use and occupation of the land while the Temples were in possession to be $16,800.00. Based on these findings, the trial court entered judgment that Gillum's trespass to try title action be denied and

that the Temples be awarded title and possession of the land under their cross-action.

The land involved in this litigation is described as follows:

Surface only of Lot 7, Section 2, Colorada River Estates, Stephen F. Austin Survey, Abstract No. 2, Matagorda County, Texas, a subdivision of which said Section 2 is unrecorded in the Plat Records of Matagorda County, Texas, said Section 2 being described by a plat thereof recorded in Vol. 470, Pages 840–849 of the Deed Records of Matagorda County, Texas.

This land is a portion of the land which was claimed by the State of Texas in the case of *State v. Baxter*, 430 S.W.2d 547 (Tex.Civ. App.—Waco 1968, writ ref'd n.r.e.). In the *Baxter* case, it was held that the land in question was accreted to the lands of one H. P. Baxter and as such belonged to the Baxters and not the State of Texas.

■ A plaintiff in a trespass to try title suit must recover on the strength of his own title and not on the weakness of the defendant's title. *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849 (1950); *State v. Noser*, 422 S.W.2d 594 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); *Weatherred v. Kiker*, 357 S.W.2d 182 (Tex.Civ. App.—Amarillo 1962, writ ref'd n.r.e.); *Niendorff v. Wood*, 149 S.W.2d 161 (Tex. Civ.App.—Amarillo 1941, writ ref'd). When the title is controverted, as it is when the defenndant pleads "not guilty", the defendant admits possession of the subject property and claims a better title. The burden of proof is then on the plaintiff to establish a superior title in himself by an affirmative showing. The grounds for such affirmative showing are proof of: 1) title emanating from the sovereignty of the soil to the plaintiff; 2) a superior title in himself emanating from a common source to which the defendant claims; 3) adverse possession; or 4) prior possession at a time which antedates defendant's possession of the land. *Land v. Turner*, 377 S.W.2d 181 (Tex.Sup.1964); *State v. Noser*, supra. Until the plaintiff presents such prima facie proof of title, the defendant is not required to offer evidence of title and the plaintiff

may not rely on his failure to do so. Accordingly, defendant's possession entitles him to judgment against the plaintiff unless plaintiff shows a prima facie title. 56 Tex.Jur.2d, Trespass to try title, § 117 and cases cited therein. Under such circumstances, there is no necessity of determining the question of whether or not the defendant has title to the property. *Routte v. Guarino*, 216 S.W.2d 607 (Tex.Civ.App.—Galveston 1948, writ ref'd n.r.e.); *White v. Jones*, 158 S.W.2d 842 (Tex.Civ.App.—Texarkana 1942, no writ).

In *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961), our Supreme Court stated: "It has long been the rule in this State that in a trespass to try title suit, the plaintiff must recover upon the strength of his own title. (citations omitted) If the plaintiff under the circumstances fails to establish his title, the effect of a judgment of take nothing against him is to vest title in the defendant. The rule is a harsh one, but it also has been established as a rule of land law in this State."

■ A review of the record before us indicates that Gillum was attempting to prove superior title by record title. Gillum relied on a special warranty deed from Robert L. Moody, Trustee, to W. T. Gillum conveying to Gillum seven lots in the previously described Section 2 of the Colorado River Estates. Since Gillum was relying on record title, he had the burden of proving superior title from the sovereign or from a common source with the defendants, Mr. and Mrs. John S. Temple. First, Gillum attemped to prove title from the sovereign, but rather quickly abandoned this attempt and did not later pursue it. A common source may be established by pleadings, by agreement between the parties, or by proof at the trial. Since a common source was not established by either the pleadings or by agreement, we look for the proof of a common source.

■ Gillum's proof of common source in addition to the special warranty deed from Robert L. Moody, Trustee to W. T. Gillum, dated March 10, 1969, was a quit claim deed from H. P. Baxter, Jr., Bessie Mae Baxter Owens, Don Owens, W. L. Baxter, Thelma Nini, W. S. Baxter, Addie Lee Steubing, Robert W. Steubing and Wallace Nini to Robert L. Moody, dated April 14, 1969. The record does not show any documentary evidence of the record title holder to Lot 7, Section 2 of the Colorado River Estates in 1959 when the claimed adverse possession of the Temples' predecessor in title began to run on this property. The record does show that the Temples' limitations title began to run in 1959. The Temples established this date by tracking their title back through two prior possessors, a Mrs. Dougherty and a Mr. and Mrs. Logan. Therefore, it was incumbent upon Gillum to prove superior title to the land from the individual or individuals against whom the Logans were holding adverse title in 1959 through the date he filed his trespass to try title action, i.e., April 21, 1971. This was the only avenue of common source proof of title remaining to the appellant Gillum.

■ The only possible evidence which might indicate who was the record title owner to the property in question at the time that the limitations title began to run against the property was the oral testimony of Mr. Don Owens that his wife acquired title to the land in 1949. In an action where the title to property is directly in issue, proof of record title must be shown by instruments in writing. The instruments relied on as affecting the course of the title must be made by the production of the instruments themselves. (There are several exceptions not applicable here.) See C. McCormick & R. Ray, Texas Evidence, § 1568, pages 417–18, the Best Evidence Rule. *Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712 (1956); *Texas Creosoting Co. v. Hartburg Lumber Co.*, 16 S.W.2d 255 (Tex.Comm'n App.1929). The best evidence rule requires the written instrument. It is the best evidence of its contents. The evidence of the contents of a document must be proved by the document itself unless it is shown that the document is unavailable without the fault of the party offering and relying on such evidence.

■ The evidence submitted by plaintiff Billum was not competent legal evi-

dence. It was not sufficient to establish a common source as a matter of law. No fact issues were submitted to the jury to establish such fact as part of his case in any event. Since it was incumbent upon the plaintiff to establish a common source, his suit for trespass to try title fails when his proof fails. See *Land v. Turner*, 377 S.W.2d 181 (Tex.Sup.1964); *Best Investment Company v. Hernandez*, 479 S.W.2d 759 (Tex. Civ.App.—Dallas 1972, writ ref'd n.r.e.); *Patterson v. Metzing*, 424 S.W.2d 255 (Tex. Civ.App.—Corpus Christi 1967, no writ). The trial court's entry of a take nothing judgment in a trespass to try title has the effect of adjudicating the land to the defendant. *Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564 (1937); *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961); *Latham v. Dement*, 409 S.W.2d 429 (Tex. Civ.App.—Dallas 1966, writ ref'd n.r.e.); *State v. Sunray DX Oil Company*, 503 S.W.2d 822 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Since the common source of title between Gillum and the Temples has not been shown, and the effect of a take nothing judgment is to vest title in the defendant, it is unnecessary for us to rule specifically on each of Gillum's first four points of error.

The appellant Gillum in his points of error 5 and 6 complaints of the action of the trial court in allegedly making derogatory comments regarding Gillum's attempt to prove a claim of title from the sovereign which Gillum claims indirectly forced him to give up a valid position he intended to maintain and prove to the jury. Gillum attempted to prove this alleged misconduct of the judge through a by-standers bill of exceptions under Rule 372(j), T.R. C.P. We cannot consider this bill of exceptions for two reasons. First, Rule 372(j), T.R.C.P. requires that a by-standers bill of exceptions be accompanied by affidavits from *three* witnesses attesting to the correctness of the bill. The record reflects that on July 27, 1976, three months after the judgment in this case had been signed and rendered, the appellant Gillum filed his bill of exceptions accompanied by the affidavits of only *two* witnesses. A Court of Civil Appeals is precluded from considering a by-standers bill of exceptions which is attested by only two persons. *Bowman v. Bridges*, 220 S.W.2d 512 (Tex.Civ.App.— Texarkana 1944, no writ). See also *Newhouse v. State*, 420 S.W.2d 729 (Tex.Cr.App. 1967). The second reason is that the record does not reflect any objection to the alleged action by the trial judge until after the judgment was entered. Generally a party or his attorney must promptly object to any impropriety he observes or learns during the trial or the matter is waived. 3 R. McDonald, Texas Civil Practice 11.21.4 (1970). Assignments of error complaining of misconduct of the trial judge will not be considered on appeal, absent a proper objection at the time the acts occurred, unless it can be shown that the injurious effects of the remarks could not have been removed by withdrawal or instruction. *State v. Wilemon*, 393 S.W.2d 816 (Tex.Sup.1965); *City of Austin v. Cook*, 343 S.W.2d 545 (Tex.Civ. App.—Austin 1961, writ ref'd n.r.e.); *Loumparoff v. Housing Authority of City of Dallas*, 261 S.W.2d 224 (Tex.Civ.App.— Dallas 1953, no writ); *Holden v. Gibbons*, 101 S.W.2d 837 (Tex.Civ.App.—Austin 1937, writ dism'd); *Southland Greyhound Lines, Inc. v. Matthews*, 74 S.W.2d 713 (Tex.Civ. App.—Beaumont 1934, writ dism'd). Appellant Gillum's points of error 5 and 6 are overruled.

In point of error 7, Gillum complains of the action of the trial court in refusing to allow the court appointed surveyor to testify and present his finding to the jury. Under Rule 796, T.R.C.P., the trial judge, either on his own motion or on motion of either of the parties may appoint a surveyor to survey the property in question and report his findings to the court. The appellant Gillum in his motion alleged that the Temples might make allegations which would distort the issue of title and that it would be in the best interest of all the parties to have a surveyor locate the boundary lines of the property. The record does not reflect that any such controversy arose during the trial. After both sides had rested their case in chief, and while Gillum

was presenting his rebuttal evidence, the report and testimony of the surveyor were tendered to the court by Gillum. The Temples objected to this evidence on the grounds that it was not rebuttal testimony. The trial court sustained the objection. Again, Gillum failed to properly object to this action by the trial court and did not make a proper bill of exceptions which would allow us to review the evidence to determine the correctness of the trial court's ruling on its admission. Rule 372, T.R.C.P. Therefore, the error, if any, was waived. Rule 434, T.R.C.P. Appellant Gillum's point of error 7 is overruled. The judgment of the trial court is affirmed.

AFFIRMED.