**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Toribio GARZA, Appellee.**

**No. 1196.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 27, 1977.

Rehearing Denied Nov. 30, 1977.

John D. Carlos, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Barry Snell, Bayne, Snell & Krause, San Antonio, for appellee.

## OPINION

YOUNG, Justice.

In this workmen's compensation case Toribio Garza sued Texas Employers' Insurance Association seeking compensation for total and permanent disability caused by back injuries received on July 2, 1974, while employed by Billy Moore Trucking Company. Trial before a jury on special issues

resulted in a judgment for plaintiff for partial and permanent disability benefits. Defendant insurance company appeals. We affirm.

The insurance agency's points of error 1 through 9 complain of remarks made by the trial judge to Mr. Segrato, counsel for the company, and to the jury. As basis for reversal of the judgment, the insurance company would show that these remarks belittled its counsel and constituted comments on the weight of the evidence which were calculated to and probably did result in the rendition of an improper verdict. The incident complained of in points 1 through 4 and 7 occurred when defense counsel was cross-examining Dr. Warren Ross about a statement he had supposedly made and about his possible biases. In that regard, the following colloquy occurred between the trial judge and Mr. Segrato. The remarks specifically complained of are underlined:

"THE COURT: Well, I don't think it's material, just harrassment.

MR. SEGARATO: Your Honor, I intend to harrass him as much as I can in cross examination.

THE COURT: Well, you are not going to do it in this court or <u>you will end up in that jail</u>.

Q: Doctor, how may patients have you seen for Hector Gonzales? ·

THE COURT: What is the relevancy of that in this case?

MR. GONZALEZ: I don't think that is relevant.

THE COURT: <u>Mr. Gonzales is a member of this bar in good standing, if he sends a patient to see doctor so and so here or this man</u>—

MR. SEGRATO: The relevancy, Your Honor, is that it touches on his bias and prejudice in this case, and on his credibility as a witness before the jury, that's why I am attempting to offer this.

MR. GONZALEZ: I object to it.

MR. SEGRATO: Your Honor, I would like to make a bill on this, please, sir.

THE COURT: Well, let's do this in a <u>decent lawyerlike way</u>.

MR. SEGRATO: Pardon me sir?

THE COURT: Let's conduct this trial in a <u>decent lawyerlike way</u>.

MR. SEGRATO: I will, Your Honor.

THE COURT: You have stated that you are going to harrass this witness every way you can.

MR. SEGRATO: By cross examination.

THE COURT: Well, I don't know whether I should—<u>can this lawyer take over the case or Mr. Schneider?</u>

MR. SEGRATO: Beg your pardon?

THE COURT: <u>Can Mr. Schneider take over the case?</u>

MR. SEGRATO: He doesn't know anything about the facts of the case, Your Honor.

THE COURT: Well, conduct yourself <u>as a lawyer and a gentlemen</u>.

MR. SEGRATO: I will, Your Honor.

THE COURT: Don't try to inject prejudice, let's try this case on the facts."

 A presiding judge has broad discretion with respect to the manner in which control of a trial is maintained and to the extent of cross examination allowed and a judgment will not be reversed for error in either of these areas unless probable prejudice is shown. *Best Investment Company v. Hernandez,* 479 S.W.2d 759 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.); *Sands v. Cooke,* 368 S.W.2d 111 (Tex.Civ.App.—San Antonio 1963, no writ); *Texas Mexican R. Co. v. Bunn,* 264 S.W.2d 518 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). As a general rule, however, a trial judge may not comment on the weight of the evidence. 56 Tex.Jur.2d Trial § 80 (1964).

 It seems plain to us that the remarks presented contained no intimation in favor of or against the credibility of the evidence, nor any direct comment on the weight of the evidence, but only a rebuke of counsel for threatening to harass the witness. It is quite clear that it is improper for counsel to threaten or browbeat a witness and that the extent of cross-examination is left largely to the discretion of the trial judge. 62 Tex.Jur.2d Witnesses § 180

(1965). Here the trial judge told defense counsel that certain questioning was harassment. In reply the attorney stated that he intended to harass the witness as much as possible. This remark was contemptuous of both the judge and the witness. Thus the trial judge was correct in admonishing defense counsel. *French v. Brodsky,* 521 S.W.2d 670 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Fox v. Gulf C. & S. Ry. Co.,* 80 S.W.2d 1072 (Tex.Civ.App.—Galveston 1935, error dism'd).

Further, it is our opinion that the remarks complained of are of the type which could have been rendered harmless by proper instructions from the trial judge after objection. Counsel for the insurance company did not object to any of the remarks of which he now complains. So his failure to object to the claimed prejudicial remarks of the trial judge waives such error on appeal. *State v. Wilemon,* 393 S.W.2d 816 (Tex.Sup.1965); *Gillum v. Temple,* 546 S.W.2d 361 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Appellant's points 1 through 4 and 7 are overruled.

■ In its points 5 and 6 the insurance company complains of the following remarks by the trial judge:

"I think you ought to ask the doctor questions and not make statements of fact, Mr. Segrato, if you want to testify we will let you take the stand.

You have asked him these things over and over and over, you are harassing the Court now."

After our review of the testimony leading up to these remarks by the court we cannot find that the trial judge abused his discretion in controlling the trial in this manner. *Hill v. Budget Finance & Thrift Company,* 383 S.W.2d 79 (Tex.Civ.App.—Dallas 1964, no writ); *Cogbill v. Martin,* 308 S.W.2d 269 (Tex.Civ.App.—Waco 1957, no writ). Again appellant has failed to object to the trial judge's remarks. Therefore if there was error it has been waived. *State v. Wilemon,* supra; *Gillum v. Temple,* supra. Appellant's points 5 and 6 are overruled.

The insurance company, in its points 8 and 9, urges error in the following underlined remarks of the trial judge:

"THE COURT: Yes, the question in this case is whether this man, this plaintiff over here is capable of performing the ordinary tasks of a workman, to the extent of being able to—or not being able to obtain and keep employment. <u>I am confused about a lot of this symmetics,</u> (sic.) <u>can't we get down to the basic questions or question of the ability of this man to, whether he can get a job and do work and keep a job?</u>

MR. SEGRATO: Well, Your Honor, I think what I am trying to question the doctor on is whether or not his diagnosis and treatment that he gave this man was necessary, and surgery, was necessary.

THE COURT: <u>How many of you jurors were confused? Hold up your hands.</u> Well, go ahead."

■ Even if these statements constituted comments on the evidence as presented, they were not so prejudicial, in view of the entire record, that they caused reversible error. Once more defense counsel failed to object to the trial judge's remarks. Thereby he waived any error that could have been asserted. *State v. Wilemon,* supra; *Gillum v. Temple,* supra. Appellant's points 8 and 9 are overruled.

■ Points 10 through 16 are complaints by the insurance company of the trial court's refusal to allow cross-examination of Dr. Ross about his qualifications and about his possible bias and prejudice. In *Russell v. Young,* 452 S.W.2d 434 (Tex.Sup. 1970), our Supreme Court held that cross-examination of a medical witness to show bias and prejudice may be based on the number of times the witness has testified in other lawsuits, payments for such testimony and related questions. See *Barrios v. Davis,* 415 S.W.2d 714 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). It is also well established law that on cross-examination of an expert witness, counsel may inquire into the witness' qualifications. *French v. Brodsky,* supra; *Grocers Supply Co. v. Stuckey,* 152 S.W.2d 911 (Tex.Civ.App.—Galveston 1941, writ ref'd w.o.m.).

■ In that regard, when tendered evidence is excluded, whether testimony of one's own witness on direct examination or testimony of the opponent's witness on cross-examination, in order to later complain it is necessary for the complainant to make an offer of proof on a bill of exception to show what the witness' testimony would have been. Otherwise there is nothing before the appellate court to show reversible error in the trial court's ruling. *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 (1945); *Rose v. Allied Finance Company of Oak Forest*, 487 S.W.2d 861 (Tex.Civ.App.—Waco 1972, no writ). In the case before us the insurance company did make a bill of exception out of the jury's presence, regarding matters precluded by the trial court, and the insurance company did offer the testimony of Dr. Ross elicited on the bill. The trial court overruled the insurance company's offer to present that evidence to the jury.

■ The bill, however, contained both admissible and inadmissible evidence. In that situation, the insurance company couldn't validly complain of the trial court's refusal to admit all of the testimony. *Hanover Insurance Company v. Peyson*, 373 S.W.2d 701 (Tex.Civ.App.—Fort Worth 1963, no writ); *Phariss v. Texas Employers Ins. Ass'n*, 290 S.W.2d 289 (Tex.Civ.App.—Dallas 1956, no writ).

Additionally, the admissible testimony in the bill was admissible only for the limited purposes of impeachment and to show bias and prejudice of Dr. Ross. And where the evidence is admissible for a limited purpose or purposes only, if the evidence is excluded by the trial court, the complaining party must then ask that the admissibility be limited to the specific purpose or purposes for which it would be admissible. Otherwise there is no error in the trial court's exclusion of the evidence. *Texas General Indemnity Company v. Ellis*, 421 S.W.2d 467 (Tex.Civ.App.—Tyler 1967, no writ). The offer of the excluded testimony by the insurance company here was not a limited offer but a general offer.

■ All of which brings us to another reason why we cannot uphold the insurance company's complaints about the trial judge's exclusion of evidence. To obtain a reversal based upon those complaints the insurance company must show that those actions of the trial judge were reasonably calculated to cause and probably did cause rendition of an improper judgment. Rule 434, T.R.C.P.

After our careful review of the record as a whole it is our opinion that the insurance company has failed in its Rule 434 burden. We will set out some of our reasons why.

Appellee Garza pled and offered testimony that would support his allegation that his injury was the producing cause of total and permanent disability. The jury, however, returned a verdict of only partial and permanent disability.

Further, the testimony in this case, excluding 57 pages taken on the bill of exception, covered 278 pages. Of that testimony 115 pages comprises cross-examination of Dr. Ross by defense counsel. This lengthy cross-examination was permitted by the trial court despite the fact that there was very little evidence to dispute Dr. Ross' testimony. The evidence was uncontroverted that Toribio Garza was injured on July 2, 1974, and that such injury was sustained while working for Billy Moore Trucking Company. He was first treated by Dr. Stark. Later, in August, 1974, he was treated by Dr. Hernon. He was also sent to two different orthopedic surgeons by the insurance company (Dr. Gonzalez and Dr. Barnes). Dr. Ross had also seen Garza during the time while he was being examined by Dr. Barnes and Dr. Gonzalez. In late 1974, both Dr. Gonzalez and Dr. Barnes certified Garza as being fit to return to work. Dr. Ross had reported on September 13, 1974, that Garza might be capable of resuming some type of work activity.

But Garza continued to experience back pains, and returned to Dr. Ross on July 17, 1975. From July 17, 1975, until the time of trial the only medical testimony concerning Garza's condition during that period was by Dr. Ross. Dr. Ross diagnosed the problem

as an injured disc. On August 12, 1975, surgery was performed by him. The doctor testified that he could see scar tissue surrounding the nerve and that there was a visible rupture. Dr. Ross was of the opinion that Garza was totally and permanently disabled. This opinion was corroborated by Garza, his wife and several lay witnesses called by Garza. The only evidence offered by the insurance company to show or infer subsequent injury were the releases to return to work by Dr. Gonzalez and Dr. Barnes. When we consider the foregoing evidence and circumstances of the trial, we are of the opinion that the trial court's limitation of the cross-examination of Dr. Ross about qualifications and possible bias and prejudice did not result in the rendition of an improper judgment. Appellant's points 10 through 16 are overruled.

The judgment of the trial court is affirmed.