PHOENIX MECHANICAL PLUMBING COMPANY, Appellant,

v.

PONDEROSA CONSTRUCTION COMPANY, INC., et al., Appellees.

No. 17993.

Court of Civil Appeals of Texas, Fort Worth.

April 20, 1978.

Law Offices of F. Ward Steinbach and Michael S. Copeland, Dallas, for appellant.

A. J. Haffey, Dallas, for appellee Ponderosa Const. Co., Inc.

Blankenship & Potts and Hal Potts, Dallas, for appellee Commercial Standard Ins. Co.

## OPINION

HUGHES, Justice.

Appeal by Phoenix Mechanical Plumbing Company, plaintiff, from a take nothing judgment rendered against it and in favor of Ponderosa Construction Company and Commercial Standard Insurance Company, defendants. The judgment is based on an instructed verdict rendered by trial court for both defendants when Phoenix rested after concluding its case in chief before a jury.

We affirm.

Phoenix, the plumbing sub-contractor, claims that Ponderosa, prime contractor, breached the contract between them in not paying Phoenix the remainder due under the terms of such contract which involved installation and furnishing of all plumbing for new buildings at Northwest High School.

Ponderosa had pleaded a general denial and other matters. Because of the instructed verdict denying recovery to Phoenix, it is incumbent upon us to determine if the statement of facts and transcript in this case reveal that Phoenix has introduced some probative evidence on *each* of the elements of proof which it must establish. *Koenning v. Manco Corporation,* 521 S.W.2d 691, 699 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

Evidence in the record supporting the position of Phoenix must be accepted as true and all conflicts and inconsistencies must be resolved in Phoenix's favor. *Constant v. Howe,* 436 S.W.2d 115 (Tex.1968). Phoenix, in its brief, pointed to statement of fact pages which it said reflected:

1. Existence of the contract;
2. Terms of the contract;
3. Amount Phoenix was paid by Ponderosa;
4. Receipt by Ponderosa of McGregor Act claim;
5. Personal knowledge of Jack Sommerfield of project;
6. Letter from Ponderosa to Phoenix to Phoenix offering Phoenix money.

Ponderosa contends that there was no evidence that:

1. The contract was completed or performed by Phoenix according to the terms of the contract;
2. The witness Sommerfield was able or qualified to testify to work done, materials furnished, compliance with contracts' terms, completion, quality of work, labor or materials actually furnished;
3. Phoenix, at the time of trial, was in existence and there was no evidence of assignment to any other entity or person was offered showing a right to prosecute the action.

Sommerfield, who was a former vice-president of Four Square Construction Company, a former partner in Phoenix, testified in answer to the question "(D)id Phoenix Mechanical or its employees perform all the labor on this project?" as follows: "Yes. Well, we subcontracted a part of the work to another firm toward the completion of the job." He also testified to supervising the completion of the job from his office through the subcontractor Phoenix had engaged; as well as going on the site twice.

Sommerfield stated that to the best of his knowledge the job was substantially performed based on his knowledge of the contract and his visits to the site. He also testified on cross-examination that: he was executive personnel of Phoenix; and he never had a plumber's license or a mechanical engineer's license or degree. In answer to "And when you go out on a job yourself, you really can't tell a whole lot about what belongs there and what don't belong there, whether a pipe is in the wrong spot or whether a slab is not proper, you do not have the capability of determining this type of situation do you?" He replied, "I would say not."

Sommerfield went further to say that he could determine whether materials were on site that were supposed to be and if certain tasks had been accomplished. Also he could see if a lavatory was on a wall where it was supposed to be.

Phoenix introduced plaintiff's exhibit number 6, a letter typed on Ponderosa stationery which was as follows:

"May 29, 1973

"Phoenix Mechanical & Electrical of Texas
P. O. Box 18207
Dallas, Tx 75218

"Attn: Messers. James R. Ellis and
Jack Summerfield

"Re: Northwest High School—
Justin, Texas

"Dear Sirs:

"We have been instructed by the architect, to paint the shower floors with swimming pool paint, and install vinyl asbestos tile in the remaining area of the dressing rooms in gymnasium area at Northwest High School. The cost for these items amount to $1,234. We are deducting this from your contract balance, which leaves a balance of $7,024.70.

"We are meeting with the School Board Friday Night, June 1, during their graduation exercises and dedication of these buildings. If the School Board sees fit to pay me the retainage they are presently holding, I will forward a check to you no later than Monday, June 4, for $7,024.70, that will represent full and final payment on our contract amount.

"Sincerely,
/s/ "Thomas H. Pelt
"President

"cc – Mr. Robert Cobb
Mr. E. Hamilton Guice
Mr. Truett Wilson, Supt. of
Schools

"THP/msm"

Phoenix urges that this letter is an offer of settlement of a disputed claim between it and Ponderosa and evidence of its having completed performance. Considering the letter in the context of all the other evidence favorable to Phoenix and the fact that it is conditioned upon the payment from the school board to Ponderosa of retainage it was holding, plus the recitation of $1,234.00 to be withheld for painting the shower floors and installation of asbestos

tile on the dressing room floors, we hold the letter not to be evidence of substantial completion of satisfactory performance by Phoenix. The inference of completed performance that the letter raises is opposed by an inference of faulty performance which is also raised by the letter and is equally reasonable and plausible. Calvert, *"No Evidence"* and *"Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 365 (1960); *Western Tel. Corp. v. McCann*, 128 Tex. 582, 99 S.W.2d 895 (1937); *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). We overrule point of error number one.

■ Phoenix sued Commercial Standard alleging it to be the provider of a payment bond provided under Tex.Rev.Civ.Stat.Ann. art. 5160, § A(b), for the protection of claimants supplying labor and material for the Northwest High School project. Trial court refused to admit a Xerox copy (plaintiff's exhibit number 5) of what Phoenix claimed was the payment bond. Phoenix urged its admission under the best evidence rule. It made no effort to explain the absence of the original or a certified copy thereof. No bill of exception was made to the trial court's refusal of the exhibit.

Phoenix complains, in its brief, that trial court did not correctly apply the best evidence rule in denying its offer of plaintiff's exhibit number 5, its alleged payment bond. Commercial Standard correctly points out that this court has no record to consider on this point as to the existence, nature or contents of such exhibit, since no bill of exception was made. *Gillum v. Temple*, 546 S.W.2d 361 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). For this reason, as well as the fact that we have overruled point of error number one, we overrule point of error number two.

We affirm.