NO. 12-02-00380-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RAMON LOPEZ,
§
 APPEAL FROM THE 321ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Ramon Lopez ("Lopez") appeals the granting of a protective order against him. In
his sole issue on appeal, Lopez contends that the trial court erred when it refused to appoint counsel
for him, when it limited his cross-examination of the alleged victim, and when it denied him the
opportunity to present additional evidence. We affirm.


Background

 On November 6, 2002, Isabel Santiago ("Santiago") filed an application for a protective order
alleging that Lopez engaged in conduct constituting family violence. The application further alleged
that, due to a history of family violence by Lopez, family violence was likely to occur in the future, and
that a clear and present danger existed that Lopez would commit further acts of family violence if he
was not immediately restrained. An affidavit by Santiago was attached to the application. On
November 7, 2002, the trial court issued a temporary ex parte protective order against Lopez. Further,
the trial court ordered Lopez to appear on November 20, 2002 for a hearing to determine if the
protective order should be issued. On November 20, 2002, the trial court heard Santiago's application
for protective order. Lopez appeared pro se. Although Lopez initially agreed to the protective order,
he retracted his agreement in court, and the trial court determined that a hearing on the application was
required. 

 Before testimony began, the trial court stated that it was unable to appoint an attorney for Lopez
because the hearing involved a civil matter and the application did not request incarceration. After
agreeing to provide an interpreter, the trial court recessed until the following day. The next day, before
testimony continued, Lopez requested appointment of counsel because he did not know the legal
procedures or have any money or access to an attorney. The trial court refused, stating that Lopez was
not eligible for court-appointed counsel because this was a civil case. After his request for a
continuance was denied, Lopez announced that he needed to subpoena thirty-seven witnesses to testify,
but lacked the means, time, or knowledge to do so. The trial court questioned why Lopez had not
subpoenaed his witnesses the day before, but further noted that Lopez never informed the trial court
on the previous day that he wanted anything besides an interpreter. The trial court resumed the
hearing. At some point after the hearing proceeded, the trial judge informed both parties that the
hearing would conclude at the end of the day. 

 On direct examination, Santiago testified to violence Lopez committed against her, including
a physical assault and threat of physical violence with a knife in March of 2002. In addition, she
testified that Lopez physically assaulted her, threatened her with physical violence with a knife, and
kidnaped her against her will in a continuing violent episode in July of 2002. On cross-examination,
Lopez asked questions relating to the protective order. However, he also questioned Santiago
regarding her knowledge of the Ten Commandments, whether having a child while single honored her
parents, claims of adultery in another marriage, and her intentions in moving to Texas. In response,
the trial court reminded Lopez a number of times that his questions must be relevant, concern the
recent past or present, and pertain to the incident in question. Lopez replied that his questions would
reveal Santiago's character, person, intentions, and familial understandings. During the cross-examination, the trial court frequently prompted Lopez to "move along" or "move on" with his
questioning. Later, Lopez again asked for a continuance, but the trial court overruled his motion.
Finally, the trial court informed Lopez that he needed to "move on" with his cross-examination of
Santiago because it would be ruling on the protective order shortly. Soon thereafter, Lopez stated that
he had approximately thirty to forty additional questions for Santiago. However, the trial court stated
that the hearing was concluded. For the record, Lopez advised the trial court that he wished to present
thirty-seven witnesses, but had failed to do so because he lacked the requisite knowledge. At that point,
the trial court granted Santiago's application for protective order.

 The trial court found that family violence had occurred and was likely to occur in the future.
Further, among other proscriptions, the order prohibited Lopez from communicating in any manner
with Santiago, going within 500 yards of the residence, employment, or business of Santiago, or going
within 500 yards of the childcare facility and/or school attended by Santiago's son. Any violation of
the order subjected Lopez to contempt of court, resulting in a fine or confinement in jail or both. After
entry of the protective order, Lopez filed a motion requesting appointment of counsel for his appeal,
claiming that he was indigent. After Lopez timely filed a motion to proceed in forma pauperis,
together with an accompanying affidavit of inability, the trial court, according to the court's civil
docket sheet, found the affidavit defective and dismissed the motion. Nevertheless, the docket sheet
included a notation that Lopez would be allowed to file a new affidavit. After filing a new motion and
affidavit of inability to pay costs, Lopez was found indigent on January 13, 2003. However, counsel
was not appointed. This appeal followed.


Appointment of Counsel

 Lopez contends that the trial court erred when it refused to appoint counsel for him at trial or
on appeal. He argues that such failure does not comport with due process or the Fourteenth
Amendment to the United States Constitution. Further, because he faced the possibility of
incarceration pending a criminal trial based on the same allegations, Lopez contends that the trial court
erred in not giving additional consideration to appointing counsel for him. The State argues that the
trial court acted within its discretion in not appointing counsel for Lopez.

Applicable Law

 The Supreme Court of the United States presumes that an "indigent litigant has a right to
appointed counsel only when, if he loses, he may be deprived of his physical liberty." Lassiter v. Dep't
of Social Servs., 452 U.S. 18, 26-27, 101 S. Ct. 2153, 2159, 68 L. Ed. 2d 640 (1981). The Court
considers a mere threat of imprisonment a different kind of penalty from actual imprisonment.
Lassiter, 452 U.S. at 26, 101 S. Ct. at 2159. Moreover, the Texas Supreme Court has never held that
a civil litigant must be represented by counsel in order for a court to conduct its fundamental,
constitutional function. Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996). The
Texas Legislature has determined that "[a] district judge may appoint counsel to attend to the cause
of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." Tex.
Gov't Code Ann. § 24.016 (Vernon 1988). Further, the Texas Supreme Court recognized that, in
"some exceptional cases," the interests at stake, both public and private, warrant appointment of
counsel in order to best serve the administration of justice. Mayfield, 923 S.W.2d at 594. However,
the court did not explain what circumstances are so exceptional that appointment of counsel would be
warranted because "exceptional" is, by definition, rare, unusual, and not easily identified by a broad
rule. Gibson v. Tolbert, 102 S.W.3d 710, 713 (Tex. 2003). 

Analysis

 During the hearing, Lopez requested appointment of trial counsel, but failed to make an
affidavit claiming that he was indigent as required by the Texas Government Code. Because he failed
to comply with the provisions of the statute, Lopez has waived his complaint on appeal relating to the
appointment of trial counsel. See Tex. Gov't Code Ann. § 24.016. Even if Lopez had not waived
his complaint, the application for protective order asked that Lopez be restrained, not imprisoned. 
Lopez contends that his physical liberty was at stake because his criminal court case was based on the
same allegations. However, in this case, Lopez could suffer possible confinement in jail only if he
violated the protective order and was found in contempt of court. Because a threat of imprisonment
is not the same penalty as actual imprisonment, Lopez is not entitled to appointed counsel. See
Lassiter, 452 U.S. at 26-27, 101 S. Ct. at 2159. Further, Lopez claims that his circumstances
demanded appointed counsel because his upcoming criminal trial was based on the same allegations,
his testimony could be used against him, and he was unable to defend himself effectively. However,
Lopez has failed to show these circumstances are exceptional and therefore require appointment of trial
counsel. See Mayfield, 923 S.W.2d at 954; Hall v. Treon, 39 S.W.3d 722, 724 (Tex. App.-Beaumont
2001, no pet.); Knie v. Piskun, 23 S.W.3d 455, 461 (Tex. App.-Amarillo 2000, pet. denied). 

 Although Lopez contends that the trial court's failure to appoint counsel on appeal was error,
he cites no authority supporting this contention, and we are not aware of any. However, Lopez's
argument focuses exclusively on the denial of appointed counsel at trial. Lopez fails to describe any
justification or reason for a determination that the trial court should have appointed counsel for his civil
appeal. As such, we will neither surmise nor devise our own conclusions absent some cogent argument
on Appellant's behalf that the trial court erred by failing to appoint counsel on appeal. Therefore, the
trial court did not err when it denied his request for appointment of counsel at trial or on appeal.


Limitation of Cross-Examination and Evidence

 Lopez argues that the trial court erred when it limited his cross-examination of Santiago and
denied him the opportunity to present additional evidence. The State contends that the trial court acted
within its discretion in limiting the examination of Santiago to relevant issues.

Applicable Law

 A trial judge's responsibilities include the general conduct of a trial or hearing, and the court
may intervene to promote expediency and prevent waste of time. Great Global Assurance Co. v.
Keltex Props., Inc., 904 S.W.2d 771, 777 (Tex. App.-Corpus Christi 1995, no writ). Further, in order
to generate effective interrogation of witnesses and presentation of evidence, avoid unnecessary use
of time, and protect witnesses from harassment, the trial court should exercise reasonable control over
the mode and order of the witnesses and evidence. Tex. R. Evid. 611 (a). According to the Texas
Supreme Court, "[c]ross-examination is a safeguard essential to a fair trial and a cornerstone in the
quest for truth." Davidson v. Great Nat'l Life Ins. Co., 737 S.W.2d 312, 314 (Tex. 1987). Our
jurisprudence acknowledges the right and necessity of full and complete cross-examination. Id. 
Moreover, due process demands the opportunity to confront and cross-examine adverse witnesses. Id. 
However, a trial judge has wide discretion to impose reasonable limits on cross-examination based on
concerns about harassment, prejudice, confusion of the issues, the witness's safety, or repetitive or
marginally relevant interrogation. Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435,
89 L. Ed. 2d 674 (1986); see Texas Employers' Ins. Ass'n v. Garza, 557 S.W.2d 843, 845 (Tex. Civ.
App.-Corpus Christi 1977, writ ref'd n.r.e.). The trial court abuses its discretion when it acts without
reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). 

 The admission and exclusion of evidence is also within the trial court's sound discretion. City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). If a complaining party seeks to reverse
a judgment based on an evidentiary error, he must prove that the error probably resulted in an improper
judgment. Id. Further, the complaining party usually must show that the judgment turns on the
particular evidence admitted or excluded. Id. at 753-54.


Analysis

 In this case, the trial court attempted to control Lopez's questions involving marginally relevant
issues such as Santiago's knowledge of the Ten Commandments, her pregnancy while single, adultery
within another marriage, and her reasons for moving to Texas. After over one and one-half hours of
cross-examination, the trial court halted the interrogation, refused to allow further questioning or
additional witnesses, and ruled on the protective order. Based upon our review of the record, we
conclude that appropriate cross-examination was not prohibited and the trial court's limitation of
Lopez's cross-examination was not an abuse of discretion. See Delaware, 475 U.S. at 679, 106 S. Ct.
at 1435; Garza, 557 S.W.2d at 845; City of Houston v. Houston Lighting & Power Co., 530 S.W.2d
866, 869 (Tex. Civ. App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.).

 Additionally, Lopez contends that the trial court prevented him from introducing evidence,
including further cross-examination and additional witnesses. However, none of the other thirty-seven
witnesses had been subpoenaed. Lopez must prove that the exclusion of this evidence resulted in the
issuance of an improper protective order, and that the issuance of the protective order turned on the
exclusion of this evidence. See Alvarado, 897 S.W.2d at 753-54. Lopez fails to state any reason why
the trial court's error in excluding the thirty-seven witnesses led to the issuance of an improper
protective order. Lopez's only contention is that the excluded evidence would have shown that
Santiago reunited with Lopez after obtaining a protective order against him shortly before the episode
in July of 2002. However, he fails to prove that issuance of the protective order hinged on the
exclusion of the evidence. Consequently, we conclude that the trial court did not abuse its discretion
in excluding additional evidence. Therefore, Lopez's sole issue on appeal is overruled.


Conclusion

 Because we have overruled Lopez's sole issue, the judgment of the trial court is affirmed.


 DIANE DEVASTO 

 Justice

Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)