Opinion issued May 4, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00736-CV




HARRIS COUNTY, TEXAS, Appellant

V.

INTER NOS, LTD., Appellee




On Appeal from County Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 745,619




O P I N I O N
          Appellant, Harris County, Texas (“the County”), challenges the trial court’s
judgment in favor of appellee, Inter Nos, Ltd. In two issues, the County contends that
the trial court abused its discretion by (1) excluding, from the jury’s consideration,
evidence that Union Pacific Railroad Company had not abandoned a railroad
easement on property condemned by the County and (2) preventing the cross-examination of Inter Nos’s expert witness regarding whether the railroad easement
had been abandoned. We affirm the judgment of the trial court.
Factual Background
          The County filed a statutory condemnation suit to take a portion of a tract of
land, owned by Inter Nos, for the construction of the Westpark Toll Road. The taking
was effectuated, and the sole issue to be tried to the jury was damages—the
calculation of the market value of the property on the date of the taking.  
          Before the taking, the northern part of the condemned property was
encumbered by a 100-foot-wide common carrier, freight rail easement owned by
Southern Pacific Railroad. Southern Pacific later merged into Union Pacific. Union
Pacific subsequently filed an application with the Surface Transportation Board



(“STB”) seeking authority to abandon its easement on Inter Nos’s property. The STB
granted Union Pacific’s application and, in its decision, imposed certain conditions
governing the abandonment of the easement. One of the conditions concerned
potential future negotiations between Union Pacific and the Metropolitan Transit
Authority (“Metro”) for a use agreement regarding the easement. The STB decision
provided that Union Pacific could fully abandon the easement if no use agreement
with Metro was reached by May 7, 2001—the 180th day after STB’s decision. 
Although no use agreement was ever reached between Metro and Union Pacific
regarding the easement, it is undisputed that the County condemned the property 
before the expiration of the 180-day negotiation period.  
          Before trial, Inter Nos served the County with requests for disclosure under
Rule 194.2 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 194.2. In one of
these requests, Inter Nos specifically asked the County to disclose the amount and its
method of calculating damages in this case. See Tex. R. Civ. P. 194.2(d). In its
response, the County referred Inter Nos to its appraiser’s expert reports for this
information, stating, in pertinent part, that the “[f]air market value of property
condemned is determined by appraiser’s opinions and appraisal reports.” In
responses to Inter Nos’s request for disclosure under rule 194.2(f)(2) and (3), the
County identified Gerald Teel as the County’s testifying appraisal expert and stated
that a report setting forth the basis for his opinions as to value would be forthcoming.



          The County filed two sets of supplemental discovery responses with reports by
Gerald Teel, regarding the value of the property on the date that it was condemned.
In both reports, Teel states that the County’s calculation of damages in this action was
based on the assumption that the railroad easement had been abandoned as of the date
of the taking. Specifically, Teel testified that his calculation of the property’s value
was based on the assumption that the northern part of the Inter Nos property was “part
of [an] abandoned railroad corridor” and was “owned in fee and [] unencumbered by
any easements.” (Emphasis added.) Teel further states that:
[T]he subject property was previously part of a railroad corridor. The
railroad company had an easement on the property. It is our assumption
the easement has been abandoned upon the sale of the corridor to
METRO and Harris County. The site is being valued as an
unencumbered parcel of land. 

(Emphasis added.) Teel’s reports were not amended, and the County never
supplemented its response to Inter Nos’s request for disclosure under rule 194.2(d).
Following these reports and discovery responses, Inter Nos filed the report of its
appraisal expert, David Lewis, who also calculated the value of the property based
on the assumption that the land was not encumbered by any easement. 
          Teel, the County’s expert, was deposed three days before the trial, and he
testified, for the first time, that, contrary to his expert reports, the County’s theory of
damages and calculation of the condemned property’s value at trial would be based
on the assumption that the easement had not been abandoned as of the date of the
taking. Teel testified that, the day before his deposition was taken, he had been
instructed by the County’s counsel to make this new assumption. Teel further
testified that the existence of the easement diminished the market value of the
condemned property. 
          Three days later at the pretrial hearing, Inter Nos objected to the qualifications
of Teel to testify as an expert in this case on the grounds that he used improper
methodology to determine the condemned property’s value, and the objection was
sustained.


 Inter Nos further objected to the admission of any evidence that Union
Pacific had not abandoned the easement. Inter Nos argued that the exclusion of this
evidence was warranted because the County failed to supplement its discovery
responses and expert reports to put Inter Nos on notice that it was proceeding at trial
with a theory and calculation of damages different from what was stated in its
discovery responses. It further argued that the admission of this evidence would
constitute unfair prejudice and surprise. The trial court sustained the objection, and
the trial commenced. 
          During trial, the County attempted to admit into evidence three exhibits and the
testimony of Teel as a “fact witness,” which it argued established that the easement
had not been abandoned as of the date of the taking. During Inter Nos’s case in chief,
the County also attempted to cross-examine Inter Nos’s value expert, David Lewis,
regarding whether the railroad easement had been abandoned as of the date of the
taking. In response, Inter Nos renewed its previous objections to the admission of
any evidence contradicting the County’s theory and calculation of damages set forth
in its discovery responses. The trial court sustained Inter Nos’s objections.
          At the close of the evidence, the jury determined that the market value of the
property as of the date of taking was $517,636.00, an amount less than $577,880.00,
the value of the property as appraised by David Lewis, Inter Nos’s expert on value. 
The trial court ordered the County to pay such amount to Inter Nos, plus pre-judgment and post-judgment interest. This appeal followed the trial court’s final
judgment.
Standard of Review
          We apply an abuse of discretion standard to the question of whether a trial
court erred in an evidentiary ruling. Owens-Corning Fiberglass Corp. v. Malone, 972
S.W.2d 35, 43 (Tex. 1998). The admission or exclusion of evidence is a matter within
the trial court’s discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753
(Tex. 1995). A trial court abuses its discretion when it rules without regard to any
guiding rules or principles. Malone, 972 S.W.2d at 43. We must uphold the trial
court’s ruling if there is any legitimate basis for its ruling. Id.
                    Evidence Regarding the Abandonment of the Easement
          The County asserts that the trial court abused its discretion by excluding from
the jury’s consideration any evidence that the easement had not been abandoned on
the date of the taking. We disagree.  
          In this case, the trial court’s ruling was supported by rule 193.6 of the Texas
Rules of Civil Procedure. See Tex. R. Civ. P. 193.6. Rule 193.6(a) provides that “[a]
party who fails to make, amend, or supplement a discovery response in a timely
manner may not introduce in evidence the material or information that was not timely
disclosed.” Id. The purpose behind this rule is to prevent trial by ambush. See Aetna
Cas. & Sur. Co. v. Specia, 849 S.W.2d 805, 807 (Tex.1993) (applying former Rule
215(5)). Absent a showing of good cause, lack of unfair surprise, or lack of unfair
prejudice, rule 193.6 mandates exclusion of the undisclosed material or information. 
See Elliott v. Elliott, 21 S.W.3d 913, 921 n.7 (Tex. App.—Fort Worth 2000, pet.
denied); Nw. Nat. County Mut. Ins. Co. v. Rodriguez, 18 S.W.3d 718, 722 n.1 (Tex.
App.—San Antonio, 2000, pet. denied). The party seeking to introduce the evidence
has the burden of establishing good cause and lack of unfair surprise or prejudice.
Tex. R. Civ. P. 193.6 (b); see Norfolk S. Ry. Co. v. Bailey, 92 S.W.3d 577, 581 (Tex.
App.—Austin 2002, no pet.). 
          With regard to discovery, the good cause exception permits a trial court to
excuse a failure to comply with discovery in difficult or impossible circumstances.
Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 915 (Tex. 1992) (explaining that
counsel should not be excused from the requirements of the rule without a strict
showing of good cause). However, the following factors, standing alone, do not
constitute good cause: inadvertence of counsel, lack of surprise, or uniqueness of the
excluded evidence. Id. “Failing to timely supplement discovery can lead to the
exclusion of key evidence and effectively grant the opponent certain victory.” Kidd
v. Paxton, 1 S.W.3d 309, 312 n.5 (Tex. App.—Amarillo 1999, pet. denied).
          Rule 194.2(d) provides that a party may request disclosure of the amount and
any method of calculating economic damages. Tex. R. Civ. P. 194.2(d). Comment
2 to the rule provides that subsection (d) is “intended to require disclosure of a party’s
basic assertions, whether in prosecution of claims or in defense.” Tex. R. Civ. P.
194.2(d) cmt. 2. To illustrate the nature of the required disclosure, comment 2 notes,
for example, that, in a claim for damages suffered in a car accident, plaintiff would
be required to state how loss of past earnings and future earning capacity was
calculated, and defendant “would be required to disclose . . . any basis for contesting
the damage calculations.” Id. 
          In this case, the County failed to supplement its response to Inter Nos’s request
for disclosure under rule 194.2(d) to state that, contrary to the County’s own expert
reports, the County was contesting Inter Nos’s assumption regarding the
abandonment of the easement and would contend at trial that damages should be
calculated based on evidence that the easement had not been abandoned on the date
of the taking. It is also undisputed that the County did not inform Inter Nos that it
was taking this position until just three days before the trial commenced. There was
no evidence presented to the trial court establishing that the County had good cause
for failing to supplement its discovery response or expert reports with this
information. The County merely argued that it was unaware of the alleged incorrect
assumption regarding the abandonment of the easement contained in its expert’s
reports until its expert was about to be deposed. The inadvertence of counsel does
not constitute good cause. See Alvarado, 830 S.W.2d at 915. 
          There was evidence presented to the trial court that allowing evidence of a
method of calculating damages that was contrary to the County’s own expert reports
on the very eve of trial would unfairly prejudice and surprise Inter Nos. There is
evidence that Inter Nos had relied on the County’s responses to designate its fact and
expert witnesses and to prepare its own expert report on the value of the property
based on the assumption that the easement had been abandoned. There is also
evidence that it was reasonable for Inter Nos to have done so. One year before trial,
the County filed its first expert report calculating the value of the property based on
the assumption that the easement had been abandoned. Nevertheless, five months
before trial, the County filed a motion for summary judgment seeking a legal
conclusion that the easement had not been abandoned. After losing this motion, the
County then filed another expert report which, like the first, calculated the value of
the property based on the assumption that the easement had been abandoned. The
County did not supplement its discovery to state that it was adopting any new
calculation of damages. Under these circumstances, the trial court did not abuse its
discretion in excluding any evidence regarding the abandonment of the easement.
Limitation on Cross-Examination of Lewis
          The County also contends that the trial court erred in preventing it from cross
examining Lewis on whether the easement had been abandoned and the effect of the
easement on the valuation of the condemned property. The County argues that the
trial court’s ruling was an improper limitation on its right to cross-examine witnesses
and constituted an abuse of discretion. We disagree. 
          The County’s reliance upon the right of cross-examination to admit evidence
that the easement was not abandoned and present its own theory and calculation of
damages through Lewis is misplaced. The right of cross-examination is neither
absolute nor unlimited. The trial court has broad discretion about the extent of cross-examination allowed. Texas Employers’ Ins. Ass’n v. Garza, 557 S.W.2d 843, 845
(Tex. Civ. App.—Corpus Christi 1977, writ ref’d n.r.e.). Cross-examination may be
permitted regarding “any matter relevant to any issue in the case,” and “[e]vidence
which is not relevant is inadmissible.” Tex. R. Evid. 611(b); Tex. R. Evid. 402
(emphasis added).
           In this case, cross-examination regarding whether the easement had not been
abandoned and the County’s newly-proposed method of calculating damages was not
relevant to any issue in this case because, as discussed above, the trial court correctly
excluded this evidence from the trial under rule 193.6. Furthermore, the County cites
no authority, and we have found none, for the proposition that it should be permitted
to introduce evidence through cross-examination that it has been barred from
introducing through direct testimony under rule 193.6. 
          The County relies on the holding in National Family Care Life Ins. v. Fletcher,
57 S.W.3d 662 (Tex. App.—Beaumont 2001, pet. denied) to support its argument that
it should have been allowed to cross-examine Lewis on these issues. This reliance
is also misplaced. That case is factually distinguishable from the case at bar. In
Fletcher, the court found that the trial court had erred in excluding the evidence
under rule 193.6 and, therefore, the evidence was relevant, and it was reversible error
for the trial court to bar the cross-examination of witnesses regarding this evidence
and circumstances surrounding the evidence. Fletcher, 57 S.W.3d at 671. However,
here, the trial court did not err in excluding, under rule 193.6, the evidence that the
County sought to introduce through the cross-examination of Lewis and, therefore,
the evidence was not relevant to this case.


 
          Accordingly, we hold that the trial court did not abuse its discretion by limiting
the County’s cross-examination of Inter Nos’s expert witness, David Lewis.
Conclusion
          We conclude that the trial court did not abuse its discretion by excluding 
evidence of the non-abandonment of the railroad easement and by preventing the
cross-examination of Inter Nos’s expert witness regarding this issue. We affirm the
judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
 Panel consists of Justices Taft, Hanks, and Higley